UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS L. WALKER,

    Plaintiff,        Case Number: 2:21-cv-12874
                HON. DENISE PAGE HOOD
v.

MARY GREINER, ET AL.,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on Marcus L. Walker's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Walker is incarcerated at the Gus Harrison Correctional Facility. Walker claims that Defendants have denied him medical care in violation of the Eighth Amendment.

Walker names twenty-one defendants. He seeks monetary and injunctive relief. For the reasons discussed below, the Court dismisses Defendants Henry Fresnick, Janet Campbell, Kimberly Korte, Sherman Campbell, and Heidi Washington. The case will proceed against the remaining Defendants.

**I.**  **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is

to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff paid the full filing fee, the Court screens this complaint under 28 U.S.C. § 1915A, which directs the Court to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  On this review, the Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

**II.   Complaint**

Plaintiff's complaint asserts that he has been receiving inadequate care for a shoulder injury and the resulting severe, chronic pain.  He names as Defendants Michigan Department of Corrections employees and other health care professionals servicing the Gus Harrison Correctional Facility, most of whom appear to be employees of Corizon Health.

On February 1, 2018, Plaintiff injured his right shoulder and arm while working out in the prison's weight room.  (ECF No. 1, PageID.3.)  In September 2018, an MRI

performed at a Henry Ford Health System facility showed that he had a near complete tear of his rotator cuff. (*Id.* at 52.)

In December 2019, Plaintiff was seen at Michigan Medicine Orthopedic Sports Medicine Program by Dr. Michael Freehill. (*Id.* at 47-48.) Dr. Freehill diagnosed him with a complete rotator cuff tear or rupture, administered one steroid injection for the pain, prescribed three additional steroid injections, and referred Plaintiff for three to four months of physical therapy. (*Id.* at 10, 19.) Plaintiff asserts he never received the additional steroid injections or physical therapy. (*Id.* at 20.) He also has failed to receive adequate treatment for his chronic pain. He details many fruitless attempts to be treated by a pain management specialist. (*See e.g. id.* at 5, 7-8.)

Plaintiff alleges the delay in treatment and failure to adequately treat his injury has resulted in permanent disability and that he continues to suffer from severe, debilitating pain which severely impacts and restricts his function. Finally, Plaintiff notes that policymakers for Corizon Health and the Michigan Department of Corrections institute and enforce policies denying medical care as cost-saving measures.

### III. Discussion

Plaintiff argues that Defendants have violated his rights under the Eighth Amendment since 2018 when he injured his shoulder. He claims that appropriate treatment has been delayed and denied, that he suffers from resulting permanent damage and chronic pain which Defendants have failed to treat.

"[T]he Eighth Amendment prohibits punishments which, although not physically

3

barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the objective component requires a prisoner to show that the conduct was "sufficiently serious." *Rafferty v. Trumbull County, Ohio,* 915 F.3d 1087, 1094 (6th Cir. 2019) (quotation omitted). The objective component "is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). The subjective component requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001).

  A.  **Defendants Sherman Campbell and Heidi Washington**

Plaintiff's Eighth Amendment claims against defendants deputy warden Sherman Campbell and MDOC director Heidi Washington are based upon their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell*, 436 U.S. at 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.

4

1984).  A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."  *Hays v. Jefferson County*, *Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff fails to allege that defendants Campbell and Washington engaged in any "active unconstitutional behavior" rather than a "'mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  He, therefore, fails to state a claim against them.

### B.     Defendants Henry Fresnick, Janet Campbell, and Kimberly Korte

Plaintiff's factual allegations against Defendants Henry Fresnick, Janet Campbell, and Kimberly Korte are insufficient to state a claim.

Plaintiff claims that he saw Defendant Fresnick, a registered nurse, on January 23, 2019.  Fresnick "was negative, had smart comments and displayed a deliberate indifference to Plaintiff's health concern."  (ECF No. 1, PageID.11.)  Verbal abuse or general harassment does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Wingo v. Tennessee Department of Corrections*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassment and verbal abuse, while "shameful and utterly unprofessional ... [they] do not constitute the type of infliction of pain that the Eighth Amendment prohibits").  In addition,

5

Plaintiff's vague allegation that Fresnick was deliberately indifferent to Plaintiff's health needs is insufficient to state a claim because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's claims against Defendants Janet Campbell (health unit manager) and Kimberly Korte (assistant health unit manager) are similarly deficient. The only specific factual allegations raised against these defendants is that they never "reached out to discuss any medical concerns." (ECF No. 1, PageID.13.) This conclusory claim, unsupported by any factual allegations fails to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons stated, the Court **DEFENDANTS DEPUTY SHERMAN CAMPBELL, HEIDI WASHINGTON, HENRY FRESNICK, JANET CAMPBELL, AND KIMBERLY KORTE are DISMISSED** from this action.

Plaintiff's remaining claims and defendants survive the Court's initial screening. Plaintiff paid the full filing fee to commence this action. Under the Federal Rules he is therefore responsible for effecting service of the summons and complaint in accordance with Federal Rule of Civil Procedure 4(e) or obtaining a waiver of service pursuant to Federal Rule of Civil Procedure 4(d).

SO ORDERED.

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
UNITED STATES DISTRICT JUDGE

DATED: May 4, 2022