UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS L. WALKER, | CASE NO. 2:21-cv-12874 |
| *Plaintiff,* | |
| v. | HON. DENISE PAGE HOOD DISTRICT JUDGE |
| DR. MARY GREER, et al., | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants.* | |
| _____/ | |

## REPORT AND RECOMMENDATION TO DISMISS JOHN DOE DEFENDANTS

**I. RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DISMISS** the two unidentified John Doe Defendants.

**II. REPORT**

**A. Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983. On December 2, 2021, Walker filed a complaint against several defendants, including two unidentified "John Doe" defendants. On December 13, 2022, the undersigned ordered Plaintiff to identify "any John or Jane Doe Defendants for service of process purposes." (ECF No. 19, PageID.117–18). Plaintiff was warned that the failure to identify the unnamed Defendants by January 13, 2022 would result in a Report and

1

Recommendation ("R&R") recommending that those Defendants be dismissed. (*Id.* at PageID.118).

On January 11, Walker responded to the order and conceded that he could not identify the unknown defendants until he filed "a motion for discovery." (ECF No. 27, PageID.152). He explains that one of the John Doe defendants is "the medical director for utilization management at Corizon," and that the other John Doe Defendant "works for the" the prison's "pain management committee." (*Id.*) Walker argues that this information is adequate for the Marshals Service to identify and serve these defendants. (*Id.*)

### B. Analysis

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

The information Walker has provided about the unnamed defendants is inadequate for the Marshals Service to identify and serve these defendants. *Cf. Tillery v. Kalinski*, No. 5:17-cv-194-FDW, 2018 WL 3868811, at *3 (W.D.N.C. Aug. 14, 2018) (holding that describing a John Doe as "a nurse at the Alexander

2

C.I." was "insufficient to identify" the defendant); *Gross v. White*, No. 8:05-CV-1767-27TBM, 2008 WL 2019606, at *1 (M.D. Fla. May 9, 2008) ("Although Plaintiff identifies the John Doe and Jane Doe defendants as deputy sheriffs at PCJ, this information is insufficient for the Court to effect service of process on these defendants."). Accordingly, Walker has not identified either Doe Defendant within the 90-day period provided for in Rule 4(m) or the extension of time granted by the undersigned. (ECF No. 19); *see Cross v. Carmona*, 15-cv-14254, 2018 WL 1535393, at *4 (E.D. Mich. March 29, 2018); *Cary v. Mox*, 17-cv-12862, 2018 WL 4402939, *10 (E.D. Mich. Aug. 14, 2018); *Ward v. Corizon Health, Inc.*, 15-cv-11902, 2016 WL 422493, at *8 (E.D. Mich. July 12, 2016).

For these reasons, **I RECOMMEND** that this Court **DISMISS** the John Doe Defendants **WITHOUT PREJUDICE**.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States*

*v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 17, 2023                   S/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge