UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,                                  NO. 2:21-cv-12874

v                                               HON. DENISE PAGE HOOD

DR. MARY GREINER, *et al.*,       MAG. PATRICIA T. MORRIS

    Defendants.

---

| | |
|---|---|
| Marcus Walker #374618<br>*In Pro Per*<br>Gus Harrison Correctional Facility<br>2727 East Beecher Street<br>Adrian, MI  49221<br><br>Allan J. Soros (P43702)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-3055 | CHAPMAN LAW GROUP<br>Nicholas B. Pillow (P83927)<br>Jonathan C. Lanesky (P59740)<br>Attorneys for Defendants for<br>  Dr. Coleman, Dr. Papendick,<br>  Dr. Dorsey, Dr. Greiner, PA Jindal<br>  and Pfeil<br>1441 W. Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br><br>Ian T. Cross (P83367)<br>Attorney for Defendant Dr. Greiner<br>402 W. Liberty Street<br>Ann Arbor, MI  48103<br>(734) 994-9590 |

                                                                                                        /

**MDOC DEFENDANTS DR. BLESSMAN AND GRIEVANCE
ADMINISTRATOR RUSSELL'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT
<u>ON THE BASIS OF EXHAUSTION</u>**

      Michigan Department of Corrections Assistant Chief Medical

Officer (ACMO) Dr. James Blessman and Grievance Administrator

Richard Russell bring this motion under Fed. R. Civ. P. 10(c) and 56(a),

1

and asks the Court to enter its order dismissing Plaintiff's Complaint and granting summary judgment in their favor, based on the grounds set forth in their accompanying brief.

Defendants Blessman and Russell adopt and incorporate by reference co-Defendants Dr. Carmen McIntyre-Leon and RN Mary Velarde's previously filed Motion and Brief in Support of Summary Judgement, filed on January 25, 2023. [ECF No. 44].

Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding in pro se.

Respectfully submitted,

*s/ Allan J. Soros*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
sorosa@michigan.gov
P43702

Dated: March 28, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,  NO. 2:21-cv-12874

v  HON. DENISE PAGE HOOD

DR. MARY GREINER, *et al.*,  MAG. PATRICIA T. MORRIS

    Defendants.

---

Marcus Walker #374618
*In Pro Per*
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI  49221

Allan J. Soros (P43702)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
Jonathan C. Lanesky (P59740)
Attorneys for Defendants for
  Dr. Coleman, Dr. Papendick,
  Dr. Dorsey, Dr. Greiner, PA Jindal
  and Pfeil
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326

Ian T. Cross (P83367)
Attorney for Defendant Dr. Greiner
402 W. Liberty Street
Ann Arbor, MI  48103
(734) 994-9590
                          /

# MDOC DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT <u>ON THE BASIS OF EXHAUSTION</u>

2

 | Allan J. Soros (P43702)
---|---
 | Assistant Attorney General
 | Attorney for MDOC Defendants
 | Corrections Division
 | P.O. Box 30217
 | Lansing, MI  48909
 | (517) 335-3055
 | sorosa@michigan.gov
Date:  March 28, 2023 | P43702

2

# CONCISE STATEMENT OF ISSUES PRESENTED

1. A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Grievance Administrator Russell merely denied Plaintiff's Step III grievance appeals. Should Plaintiff's complaint against Grievance Administrator Russell be dismissed?

2. A prisoner must exhaust his administrative remedies before filing a complaint under 42 U.S.C. § 1983. To properly exhaust, a prisoner must attempt to resolve the issue verbally within two business days of the offending event. A prisoner must then file a Step I grievance within five business days after attempting to verbally resolve the issue with the staff member involved. If not resolved, a prisoner must then file a Step II and III appeal. Plaintiff did not properly complete the grievance process regarding his Complaint allegations. Should the Court dismiss Plaintiff's unexhausted Complaint allegations?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**1. Lack of Personal Involvement**

Even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants. The mere denial of an administrative grievance does not amount to active unconstitutional behavior. *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 119 S. Ct. 1763 (1999).

**2. Legal Standard for Exhaustion under 42 U.S.C. § 1997e(a)**

Under 42 U.S.C. § 1997e(a), a prison inmate cannot maintain a civil rights action challenging prison conditions if he did not first exhaust all available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The Supreme Court has held that exhaustion requires proper exhaustion, which means that the prisoner must complete the administrative review process. *Woodford v. Ngo*, 548 U.S. 81 (2006).

ii

## STATEMENT OF FACTS

Plaintiff, Marcus Walker ("Walker"), is a *pro se* prisoner who is currently confined in the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility (ARF), Adrian, Michigan. Walker's Complaint is filed under 42 U.S.C. § 1983 and protests infringement of his civil rights, alleging violations of the Eighth Amendment of the United States Constitution.

Dr. James Blessman is the current Assistant Chief Medical Officer for MDOC, and Richard Russell is the MDOC Grievance Administrator.

"On February 1, 2018, Plaintiff injured his right shoulder and arm while working out in the prison's weight room. In September 2018, an MRI performed at a Henry Ford Health System facility showed that he had a near complete tear of his rotator cuff." (ECF No. 4, PageID.68-69.) "Plaintiff alleges the delay in treatment and failure to adequately treat his injury has resulted in permanent disability and that he continues to suffer from severe, debilitating pain which severely impacts and restricts his function." (ECF No. 4, PageID.69.)

As to Walker's claims involving Dr. Blessman, Walker asserts that Dr. Blessman "offer[ed] medication that relieved nothing, but only

1

caused more suffering and agony". (ECF No. 1, PageID.9-10 at ¶¶58-59.) Walker also alleges that on January 30, 2020, he learned that Dr. Blessman had denied a request for stronger medication. (ECF No. 1, PageID.20 at ¶103.)

As to Grievance Administrator Russell, Walker alleges that Russell denied his Step III grievance appeals. (ECF No. 1, PageID.23 at ¶116.)

## ARGUMENTS

I. **A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Grievance Administrator Russell merely denied Plaintiff's Step III administrative grievance appeals. Plaintiff's claims against Grievance Administrator Russell should be dismissed.**

Grievance Administrator Russell, pursuant to Fed. R. Civ. P. 10(c) adopts and incorporates the arguments advanced by co-Defendants Dr. Carmen McIntyre-Leon and RN Mary Velarde's previously filed Motion and Brief in Support of Summary Judgement, filed on January 25, 2023. [ECF No. 44]. Grievance Administrator Russell asserts that those arguments are equally applicable to him.

2

Even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants. The mere denial of an administrative grievance does not amount to active unconstitutional behavior. *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 119 S. Ct. 1763 (1999).

II. **A prisoner must exhaust his administrative remedies before filing a complaint under 42 U.S.C. § 1983. To properly exhaust, a prisoner must attempt to resolve the issue verbally within two business days of the offending event. A prisoner must then file a Step I grievance within five business days after attempting to verbally resolve the issue with the staff member involved. If not resolved, a prisoner must then file a Step II and III appeal. Plaintiff did not file a grievance regarding his Complaint allegations against Dr. Blessman or Grievance Administrator Russell. The Court should dismiss Plaintiff's Complaint against these Defendants.**

Dr. Blessman and Grievance Coordinator Russell, pursuant to Fed. R. Civ. P. 10(c) adopts and incorporates the arguments advanced by co-Defendants Dr. Carmen McIntyre-Leon and RN Mary Velarde's previously filed Motion and Brief in Support of Summary Judgement, filed on January 25, 2023. [ECF No. 44]. Dr. Blessman and Grievance

Administrator Russell assert that those arguments are equally applicable to them.

Nowhere in his Step I grievances does Walker name Dr. Blessman or Grievance Administrator Russell despite the requirement that the names of all those involved in the issue being grieved were to be included. Walker has not properly exhausted since he did not follow the procedures of the policy by filing a Step III grievance appeal prior to filing this lawsuit. *Woodford*, 548 U.S. at 94-95.

## CONCLUSION AND RELIEF REQUESTED

Walker has failed to state a constitutional claim against MDOC Grievance Administrator Russell, and has failed to exhaust administrative remedies on his claims against both Dr. Blessman and Grievance Administrator Russell. The Court should therefore dismiss Dr. Blessman and Grievance Administrator Russell from this lawsuit.

                                       Respectfully submitted,

                                       *s/ Allan J. Soros*
                                       Assistant Attorney General
                                       Attorney for MDOC Defendants
                                       Corrections Division

|  | P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>sorosa@michigan.gov |
|---|---|
| Dated: March 28, 2023 | P43702 |

### CERTIFICATE OF SERVICE

I certify that on **March 28, 2023**, I electronically filed **MDOC DEFENDANTS DR. BLESSMAN AND GRIEVANCE ADMINISTRATOR RUSSELL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION and BRIEF IN SUPPORT,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

Marcus Walker #374618
*In Pro Per*
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

*s/ Allan J. Soros*
ALLAN J. SOROS (P43702)
Assistant Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
sorosa@michigan.gov
(517) 335-3055
P43702

5