## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARCUS L. WALKER,                         CASE NO. 2:21-cv-12874

    *Plaintiff,*                         HON. DENISE PAGE HOOD
*v.*                                      DISTRICT JUDGE

DR. MARY GREER, et al.,                   HON. PATRICIA T. MORRIS
                                          MAGISTRATE JUDGE
    *Defendants*.

_____/

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **GRANT IN PART AND DENY IN PART** Defendant Dr. Carmen McIntyre-Leon and RN Mary Velarde's Motion to Dismiss or, Alternatively, for Summary Judgment on the Basis of Exhaustion (ECF No. 44), **GRANTING** the motion as to Defendant McIntyre-Leon and **DENYING** the motion as to Defendant Velarde.

### II.  REPORT

#### A.  Introduction

This is a prisoner civil rights case.  On December 2, 2021, Plaintiff Marcus L. Walker, a Michigan Department of Corrections ("MDOC") inmate, filed a complaint

under 42 U.S.C. § 1983 against several defendants related to his medical treatment (or lack thereof) for a torn rotator cuff.  (ECF No. 1).

### B.    Standards of Review

#### 1.  Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint pro se, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972)). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### 2.  Summary Judgment

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir.

1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."
The exhaustion requirement is mandatory and applies to all suits regarding prison
conditions, regardless of the nature of the wrong or the type of relief sought. *Porter
v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).
Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford
v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined
"proper exhaustion" as requiring "compliance with an agency's deadlines and other
critical procedural rules...." *Id.* at 90.

For the grievance at issue in this case, MDOC Policy Directive ("P.D.")
03.02.130, effective March 18, 2019, prescribes the three-step administrative
exhaustion process for grievable matters.  At Step I, a prisoner must "attempt to
resolve the issue with the staff member involved within two business days" and, if
unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. "Grievances
and grievance appeals at all steps shall be considered filed on the date received by
the Department." *Id.* at ¶ T.  If the inmate is dissatisfied with the disposition of the
grievance, or does not receive a response ten days after the due date, he or she may
file a Step II grievance using the appropriate form. *Id.* at ¶ DD.  Similarly, if the
inmate is dissatisfied with the Step II response or does not receive a response for ten
days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

P.D. 03.02.130, ¶ Q provides:

"Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs.  If the issue is not resolved, the grievant may file a Step I grievance.  The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).  Paragraph Y states further that "After receipt of the grievance, the Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy.  If the grievance is rejected, the grievance response shall state the reason for the rejection without addressing the merits of the grievance."  P.D. 03.02.130, ¶ Y.

### D.  Analysis

#### 1.  Defendant Carmen McIntyre-Leon

In response to the present motion, Plaintiff asks that Defendant McIntyre-Leon be "dismissed from this suit at this time." (ECF No. 49, PageID.324).  Because he does not contest Defendants' argument that McIntyre-Leon should be dismissed

under Fed. R. Civ. P. 12(b)(6), the claims against her should be dismissed with prejudice.

### 2. Mary Velarde, R.N.

Defendants argue that Plaintiff has failed to exhaust his administrative remedies against Mary Velarde, an R.N. working for MDOC.  (ECF No. 44).  They contend that while Plaintiff named Velarde at Step I (in one of the numerous grievances he sent during the relevant period) this grievance was properly rejected due to Plaintiff's failure to resolve the issue informally before filing a Step I grievance.  (*Id*. at PageID.205) citing (ECF No. 44-3, PageID.244, Grievance Identifier ARF-21-01-0006-28I ("0006-28I")).

In response, Plaintiff contends that he named Velarde in not only in 0006-28I but also ARF-20-12-2458-27I ("2458-27I").  (ECF No. 49, PageID.330-31).  As a threshold matter, while Grievance Identifier 2458-27I names at least five other health care providers, it does not identify Velarde by name or position.  Under 03.02.130 ¶ S,this grievance cannot exhaust Plaintiff's claims as to Velarde due to Plaintiff's failure to name Velarde at Step I.

Grievance Identifier 0006-28I is a different story.  Defendant Velarde was named in that grievance, and Plaintiff appealed through Step III of the process.  However, the grievance was rejected on the basis that Plaintiff "did not attempt to resolve the issue with staff" prior to filing the grievance.  (ECF No. 44-3,

PageID.245).  To the contrary, Plaintiff's Step I grievance shows four occasions where Plaintiff communicated with Velarde by way of medical "kites" concerning his treatment.  The first was on December 9, 2019 regarding his off-site test results. Velarde responded that he had an appointment scheduled for February.  (*Id*. at PageID.244).  The second was on December 15, 2019.  The third was on December 18, 2019, which was a follow-up to his concerns about his previous off-site appointment.  The fourth was on December 24, 2019, again regarding his treatment and his ongoing pain. (*Id*).  Plaintiff stated in his grievance that Velarde responded: "Again Mary Velarde told me that I have an appointment in February for Chronic Care and my shoulder pain would be included at the appointment." (*Id*.).

As discussed above, MDOC Policy Directive 03.02.130, ¶ Q provides that "[p]rior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue…."  Paragraph W of the Directive requires the prisoner to file a Step I grievance "[w]ithin five business days after attempting to resolve a grievable issue with staff…."  Paragraph Q does not specify the manner in which a prisoner must attempt to resolve the issue.  In this regard, it is important to note that unlike a person in free society, Plaintiff could not simply pick up the phone and call Velarde or walk over to the health care unit to talk to her.  The only realistic way for him to communicate with her and express his concerns was through a medical kite.

Likewise, Velarde communicated with Plaintiff through written responses to his kites. Plaintiff was concerned about his ongoing pain and the fact that his appointment was two months away and reached out to Velarde to attempt to resolve his issue. Velarde's argument that Plaintiff failed to follow the proper procedures (ECF No. 44, PageID.205) is rebutted by the grievance itself. At a minimum, there is a material question of fact as to whether Plaintiff complied with the Policy Directive that would preclude granting summary judgment.

Velarde cites *Burnette v. Howard*, 2:09-cv-37, 2010 U.S. Dist. LEXIS 30499 (W.D. Mich., March 30, 2010) for the proposition that "[a]s long as the state clearly rejects a grievance for a reason explicitly set forth in the applicable grievance proceeding," a § 1983 claim based on that grievance must be dismissed for failure to exhaust. *Id*. at *2. She appears to argue that the rejection of a grievance on procedural grounds creates a conclusive presumption of non-exhaustion. That argument is contrary to the nature of summary judgment, which gives the non-moving party the opportunity to present evidence showing that there are questions of material fact. *Moore*, 8 F.3d at 339-40.

Moreover, Velarde takes the *Burnette* quotation out of context. The court in *Burnette* held that in analyzing the case under a summary judgment standard, the plaintiff had failed to meet his burden of rebutting the defendants' proofs. In their motion on exhaustion, the defendants offered four grievances in which none of them

were named.  The Court found that these grievances were "probative of whether Plaintiff failed to exhaust his administrative remedies," and were "sufficient to shift the burden to Plaintiff to demonstrate that there is an issue of fact as to whether he failed to exhaust his administrative remedies." *Burnette*, 2010 U.S. Dist. LEXIS 30499, at *6. (Citing Fed. R. Civ. P. 56 (e)(2)).  In ruling for the defendants, the Court stated, "Thus, Defendants put Plaintiff to his proofs when they introduced evidence of failure to exhaust with their March 30, 2009 motion, and Plaintiff failed to introduce any evidence in opposition." *Id*.  *Burnette* is consistent with the federal rules and certainly does not create a non-rebuttable presumption in favor of the Defendant.  In the present case, grievance 0006-28I shows on its face that Plaintiff attempted to resolve the issue with Velarde, as required by the policy directive, and Plaintiff has met his burden of showing a material question of fact.

Plaintiff's grievance 0006-28I was timely.  He sent his kite to Velarde on Tuesday, December 24, 2019, received a response on Friday, December 27, 2019, and filed his grievance on Monday, December 30, 2019. (ECF No. 44-3, PageID. 244-245).  December 25 was Christmas day, December 28 was a Saturday, and December 29 was a Sunday.  Therefore, Plaintiff was compliant with ¶ W of the Policy Directive in that he filed his grievance three business days after attempting to resolve the issue with his December 24 kite.For these reasons, Velarde's motion for summary judgment based on exhaustion should be denied.

### E.  Conclusion

**I RECOMMEND** that the Court **GRANT IN PART AND DENY IN PART**

Defendant Dr. Carmen McIntyre-Leon and RN Mary Velarde's Motion to Dismiss

or, Alternatively, for Summary Judgment on the Basis of Exhaustion, **GRANTING**

the motion as to Defendant McIntyre-Leon and **DENYING** the motion as to

Defendant Verlarde (ECF No. 44).

## III.  <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin

14 days after being served with a copy of the recommended disposition, a party may

serve and file specific written objections to the proposed findings and

recommendations. A party may respond to another party's objections within 14 days

after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

636(b)(1).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human

Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981).  The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this R&R. *Willis v.

Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.

Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 4, 2023                                s/PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge