UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,

v

DR. MARY GREINER, et al.,

    Defendants.

No. 2:21-cv-12874

HON. DENISE PAGE HOOD

MAG. PATRICIA T. MORRIS

---

Marcus Walker #374618
In Pro Per
Gus Harrison Corr. Fac.
2727 E. Beecher Street
Adrian, MI 49221

Allen J. Soros (P43702)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dept. of Att. General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

CHAPMAN LAW GROUP
Nicholal B. Pillow (P83927)
Jonathan C. Lanesky (P59740)
Attorney for Defendants.
Dr. Coleman, Dr. Papendick,
Dr. Dorsey, Dr. Greiner, PA
Jindal and Pfeil

1441 W. Long Lake Rd. Ste. 310
Troy, MI 48098
(248) 644-6326

Ian T. Cross (P83367)
Att. for Defendant Griener
402 W. Liberty Street
Ann Arbor, MI 48103
(734) 994-9590

FILED
APR 27 2023
CLERK'S OFFICE
U.S. DISTRICT COURT

---

PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

    Plaintiff accepts the recommendation of U.S Magistrate Judge Patricia T. Morris, that the court should grant in part and deny in part defendant Dr. Carmen McIntyre-Leon and RN Mary Velarde's Motion.

    2. In a prior pleading, plaintiff stated that McIntyre should be dismissed at this stage until further notice, but defendant Velarde should remain

    The Magistrate Judge was correct in the fact that exhaustion concerning RN Mary Velarde was done.

    Objectioon No. 1 "As a threshhold matter, while grievance identifier 2458-27I names at least five other healthcare providers, it does not identify

Velarde by name or position. Under PD 03.03.130, this grievance cannot exhaust Plaintiff's claim as to Velarde due to Plaintiff's failure to name Velarde at Step I." According to McAdory v England, 2010 U.S. Dist Lexis 27372 (ED Mich. Feb. 11, 2010) the plaintiff did in fact exhaust all his claims, while using "health care" staff or Corizon and the agents: See R&R P7,Y P2

Respectfully Submitted
*Marcus L. Walker*
Marcus L. Walker, Pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,　　　　　　　　　　　　　　　　No. 2:21-cv-12874

v　　　　　　　　　　　　　　　　　　　　　　　HON. DENISE PAGE HOOD

DR. MARY GREINER, et al.,　　　　　　　　　　　MAG. PATRICIA T. MORRIS

    Defendants.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS OR ALTERNATIVELY, FOR SUMMARY
JUDGMENT ON THE BASIS OF EXHAUSTION.

Now comes, Plaintiff Marcus L. Walker, pro se and submits that the motion filed by the defendants should be denied and plaintiffs' Motions respnose should be granted.

In Mcedory v Engebond, 2010 US. Dist. Lexis 27372 (ED Mich, Feb 11, 2010) held that "[IN the medical context], the Michigan federal courts have repeatedly held that a grievance naming "health care is sufficient to exhaust as to [correctional medical services] because such a grievance provides sufficient notice to prison officials of the prisoners complaint. "). See also, Hall v Raja , 2009 US. Dist. Lexis 126333 holding that the claim was exhausted as to all medical staff where grievance named "medical staff" and was not rejected for failire to name individuals involved see the report and recommendation adopted at 2010 U S Dist Lexis 530692 (ED Mich., Mar 30, 2010) and fn 7 dealing with Richard Russell and his misstep on how claims work in evaluating at the step III level

The defendant's Motion to Dismiss or Alternatively be Granted Summary Judgment should be denied.

                                                Respectfully Submitted

                                                */s/ Marcus L. Walker*

                                                Marcus L. Walker, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,

v

DR. MARY GREINER, et al.,

    Defendants.

No. 2:21-cv-12874

HON. DENISE PAGE HOOD

MAG. PATRICIA T. MORRIS

---

Marcus Walker #374618
In Pro Per
Gus Harrison Corr. Fac.
2727 E. Beecher Street
Adrian, MI 49221

Allen J. Soros (P43702)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dept. of Att. General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

CHAPMAN LAW GROUP
Nicholal B. Pillow (P83927)
Jonathan C. Lanesky (P59740)
Attorney for Defendants.
Dr. Coleman, Dr. Papendick,
Dr. Dorsey, Dr. Greiner, PA
Jindal and Pfeil

1441 W Long Lake Rd. Ste. 310
Troy, MI 48098
(248) 644-6326

Ian T. Cross (P83367)
Att. for Defendant Griener
402 W. Liberty Street
Ann Arbor, MI 48103
(734) 994-9590

---

Plaintiff's Brief In response to
Defendant's Motion to Dismiss or,
Alternatively, for Summary Judgment
on the basis of exhaustion

Now comes, Marcus L. Walker, Plaintiff pro se and submits this Plaintiff's Brief in Support of response to Defendants Motion to Dismiss, or Alternatively for Summary Judgment on the basis of exhaustion

I. Introduction

On March 28, 2023, defendants filed a Motion to dismiss or alternativley, for summary judgment on the basis of exhaustion, which was recieved by the plaintiff on April 7, 2023. Plaintiff submits this biref in resonse, that the

1

defendant's motion be denied. Defendants have failed to demonstrate that their motion to dimiss and/or Motion for summary Judgment is appropriate as a matter of Law, i.e (1) Plaintiffs claim of inadequate medical care is cognizable under federal law; (2) defendant's are liable for their failure to provide adequate medical care; (3) material facts remain in genuine dispute for resolution at trial, and (4) defendant's are liable where they were personally involved and denied plaintiff's access to seeking proper medical care for his pain and suffering by refusing to forward the medical kite to the proper authority for treatment and had circumvented the medical system by denial of proper treatment.

## II. Statement of Facts

Plaintiff, Marcus L. Walker is a pro se prisoner currently confined in the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility ("ARF") Adrian, Michigan, Lenawee County, Michigan Plaintiff injured his right shoulder and waited approximately four (4) years before receiving surgery. Plaintiff did not know who several John Does were until he recieved medical information.

Dr. James Blessmon is the current assistant chief medical officer (ACMO) for the MDOC, and Richard Russel is the MDOC Grievance Administrator

As more facts become relevawnt they will be shown is this brief.


### Arguments
I. Defendants were personally involved and exhaustion was done and defendents motion to dismiss and/or alternatively summary judgment should not be granted.

When considering exhaustion, summary judgment is only appropriate if defendants can "establish the absence of a 'genuine dispute at to any material fact' regarding non-exhaustion, "and if the court must look at the evidence

2

"in light most favorable to the party opposing the motion." Risher v Lapoin, 639 F.3d 236, 240 (6th Cir. 2011). See also DOE v. Anderson, 2017 US Dist. Lexis 172197 (ED. Mich., OCT. 18 2017) at #5

In deciding a motion to dismiss pursuant to Fed R.Civ.P 12(b)6, a court must accept all well-pleaded allegations as true and construe them in the light most favorable to plaintiff. Zimmerman v Busch, 494 US 113, 117 (1990) See Also Jenkins v Mckeithen, 395 US 411, 421-422 (1969); Westlake v Lucas, 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which could entitle him to relief Conley v Gibson, 355 US 41,45-46 (1957). Moreover, pro se complaints are to be construed liberally, Haines v Kerner 404 US 519, 520 (1972). It is also well-established, however, that conclusory, unsupported allegations of constitutional deprivation do not support a claim. Johnson v Freeburn, 29 F.Supp 2d 764,767-768 (ED Mich 1998)

The plain language of Fed.R.Civ.P 56(c) mandates the entry of summary judgment, after adequate time for discovery and your motion, against a party who fails to make a showing sufficient to establish the existence of an claim and essential to that party's case. and on which that party's wellbeing the burden of proof at trial. In such a situation, there can be no genuine issue to any material facts" since a complete failure of proof concerning essential elements of the non-moving party's case necessary renders all other facts immaterial. The moving party is "entitiled to a judgment as a matter of law" because the non moving party has failed to make a sufficient showing of an essential element of their case with respect to which they have the burden of proof ID @ 767-768

Defense counsel believes that the court should adopt and incorporate the

arguments advanced by co-defendants Dr. Carmen McIntyre-Leon and RN Mary Velarde's previous filed motion and brief in support thereof filed on Jan 25, 2023 and that grievance administrator Richard Russell asserts that those arguments are equally applicable to him.. This argument filed on behalf of McIntyre-Leon was dismissed at this time and defendant Velarde was denied summary judgment in the Magistrate Judges report and recommendation filed on April, 4 2023, that plaintiff did exhaust before filing his complaint.

In McAdory v Engelbrand, 2010 US Dist Lexis 273372 (ED Mich, Feb 11, 2010) held that "[In the medical context], The Michigan Federal courts have repeatedly held that a grievance naming "healthcare' is sufficient to exhaust as to [Correctional Medical Services] because such a grievance provides sufficient notice to prison officials of the prisoner's complaint. "), report and recommendation adopted; see also Hall v Raja, 2009 US Dist Lexis 126333 holding that claim was exhuasted as to all medical staff where grievance named "medical staff" and was not rejected for failure to name individuals involved); Report and recommendation adopted.  2010 US Dist.Lexis 30592 (ED Mich, Mar. 30, 2010).

In Mcadory it was recommended that the Court should deny defendant's CMS and Hatchishons Motion to dismiss for lack of exhaustion claims that they were not named in the grievance.  See McDory ext. See also Richard v Porter, denied the defendants, Motion for summary judgment.  Porter had requested a bench trial thereafter. See fn.4 for Richard Russell blaming how the matter was screwed up.

In the case before this Court Plaintiff exhausted all remedies and BR James Blessman and Grievance administrator Russell were included in the grievances exhausted.  See grievances code: ARF-1907-1712-28I)  which was filed on 7-14-19 against Corizon and their medical staff at ARF, which

4

included PA. Jindal and Dr. Mary Griener.

See grievance Code: ARF-2019-10-2533-272, which was filed for ongoing complaint filed on 10/21/19 in which plaintiff spoke to and/or written to several nurses, the HUM and ADW while (he is not a defendant)

Plaintiff therefore has exhausted his administrative remedies before filing. Defense counsel is wasting precious judicial time by filing unwarrted claims in defense to the instant complaint.

### Remedy

Wherefore, defendant Russell and Blessman's Motion to dismiss and/or for summary judgment should b e denied and the matter should go to a jury trial.

Respectfully submitted

*Marcus J. Walker*

Marcus L. Walker, Pro se
Gus Harrison Corr. Fac.
2727 E. Beecher
Adrian, MI 49221

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing should be sent by US mail to:

Allen J. Soror (P43702

Assistant Attorney General

Attorney for MDOC Defendants

at PO Box 30217

Lansing, MI 48909

(517) 335-3055

/s/ MarcusL. Walker #374618

*Marcus J. Walker*

Date: 4-14-23

5

Marcus L. Walker #374618
GUS HARRISON CORRECTIONAL FACILITY
2727 East Beecher St.
Adrian, MI 49221

US POSTAGE
METROPLEX MI 480
19 APR 2023 PM 1
ZIP 49221 $000.84
0000385939 APR 18 2023

United States District Court
Eastern District of Michigan Theodore Levin
U.S. Courthouse 231 W. Lafayette Blvd RM 546
Detroit, Michigan. 48226

48226-278041