UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED
JUN 02 2023
CLERK'S OFFICE
DETROIT

MARCUS WALKER
    Plaintiff,

v.

No. 2:21-cv-12874
Hon. Denise Page Hood
Mag. Patricia T. Morris

DR. MARY GREINER, et.al.,
    Defendants.

| | |
|---|---|
| Marcus Walker (374618)<br>Plaintiff in Pro Per<br>Gus Harrison Corr. Fac.<br>2727 East Beecher Street<br>Adrian, MI 49221 | Allen J. Soros (P43702)<br>Assistant Atty Gen<br>Attorney for MDOC Defs.<br>P.O. Box 30217<br>Lansing, MI 48909 |
| Ian T. Cross (P83367)<br>Attorney for Defendant Dr. Greiner<br>402 W. Liberty St.<br>Ann Arbor, MI 48103 | Chapman Law Group<br>Attorneys for Defendants<br>for Dr. Papendick, Dr. Greiner, Pfeil<br>1441 W. Long Lake Rd.<br>Suite 310<br>Troy, MI 48098 |

RESPONSE TO DEFENDANT DR. STIEVE'S MOTION
TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY
JUDGMENT ON THE BASIS OF EXHAUSTION

    The Motion claims that Chief Medical Officer (CMO) Dr. Jeffrey Stieve adopts and incorporates by reference Co-Defendants Dr. Carmen McIntyre-Leon and RN Mary Velarde's previously filed motion and brief in support of summary judgment, filed on January 25, 2023.

    Had counsel for Dr. Stieve he would have known that an R+R had been done which removed Dr. McIntyre-Leon from the Complaint at this time and that RN Mary Velarde was denied summary judgment.

    Such an argument by counsel is moot and a waste of precious judicial resource.

Respectfully submitted,

*Marcus J. Walker* #374618
Marcus L. Walker, pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER
    Plaintiff,

v.

DR. MARY GREINER, et.al.,
    Defendants.

No. 2:21-cv-12874
Hon. Denise Page Hood
Mag. Patricia T. Morris

| | |
|---|---|
| Marcus Walker (374618)<br>Plaintiff in Pro Per<br>Gus Harrison Corr. Fac.<br>2727 East Beecher Street<br>Adrian, MI 49221 | Allen J. Soros (P43702)<br>Assistant Atty Gen<br>Attorney for MDOC Defs.<br>P.O. Box 30217<br>Lansing, MI 48909 |
| Ian T. Cross (P83367)<br>Attorney for Defendant Dr. Greiner<br>402 W. Liberty St.<br>Ann Arbor, MI 48103 | Chapman Law Group<br>Attorneys for Defendants<br>for Dr. Papendick, Dr. Greiner,<br>Pfeil<br>1441 W. Long Lake Rd.<br>Suite 310<br>Troy, MI 48098 |

PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO
DEFENDANT DR. STIEVE'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGEMENT, ON THE
<u>BASIS OF EXHAUSTION</u>

*Marcus Y. Walker* #374618
Marcus L. Walker, pro se

## I. Introduction

On May 15, 2023 Defendant Stieve via counsel filed a Motion To Dismiss, or, Alternatively for Summary Judgment on the Basis of Exhaustion, received on May 17, 2023, and on the claim that Jeffrey Stieve has been retired from the MDOC since July 2014, which is hard to believe since there are case authority that reflects that civil suits were filed in 2016 and other dates.

## II. Concise Statement of Issues Presented

1. Plaintiff has made a clear showing that Dr. Stieve was placed on notice.

2. Plaintiff has exhausted his administrative remedies before filing his Complaint.

## III. Argument

1. Defendant Stieve were personally involved
and exhaustion was done and Defendant's motion
to dismiss and/or alternatively summary judgment
should not be granted.

When looking at the Grievances: ARF - 1910 - 2533 - 272; grievance filed on 7-14-19 and another grievance on 12-24-2020, filed on 10/21/19 which verifies exhaustion was completed.

In McAdory v Engelbrand, 2010 U.S. Dist. LEXIS 273372 (ED. Mich. Feb. 11, 2010) held that "[In the medical context] the Michigan Federal Courts have repeatedly held that a grievance naming "health care" is sufficient to exhaust as to [Correction Medical Services] because such a greivance provides sufficient notice to prison officials of the

1

prisoner's complaint.", the R+R was adopted; see also Hall v Raja, 2009 U.S. Dist. LEXIS 126333, holding that claim was exhausted as to all medical staff where grievance named "medical staff" and was not rejected for failure to name individuals involved; R+R was adopted. 2010 U.S. Dist. LEXIS 30592 (ED. Mich. Mar. 30, 2010)

Based on the above three grievances reflects a clear showing that Dr. Stieve was aware.

## 2. Plaintiff has exhausted his administrative remedies before filing his complaint.

In Annabel v MDOC, 2020 U.S. Dist. LEXIS 33033 (WD. Mich., Feb. 26, 2020) @*3, the court held that the MDOC grievance policy does not explicitly address whether grievances can be filed against the MDOC. Although the grievance policy requires a prisoner to include "names of all involved", it also requires a prisoner to attempt to resolve the issue with the staff member unless prevented by circumstances beyond his control. Id. @¶ P. the policy also states that a prisoner generally cannot grieve the content of policy or procedure. Id. @¶ F. The Court is not convinced that the grievance system requires a prisoner to name the MDOC in the grievance. Ultimately, Defendants bear the burden of establishing that Plaintiff failed to exhaust his administrative remedies. Naplen v Laurel Cnty, 36 F.3d 219, 225 (6th Cir. 2011). Additionally, the grieved staff must conduct an interview at the Step I grievance stage, which has not happened in the instant case. See Street v Correct Corp of Am., 102 F.3d 810, 814 (6th Cir. 1996)(PD 03.02.130(Y) requires an interview at Step 1.)

It should also be noted that the Grievance Policy does not include how to file a Step I, Step II, and Step III grievance against staff

2

members at the MDOC and medical staff at their place of active employment.

It should also be noted that when a 407 request has been put in with Pain Management or Corizon, the prisoner is never told when the request was made nor when it was denied and by whom.

In Davison v Maclean, 2007 U.S. Dist. LEXIS 37449 @*5 (ED. Mich., May 22, 2007)(Cohn, J.), the court stated "the MDOC policy does not contain a precise description of the necessary degree of factual particularity required of prisoners... Rather, is sufficient for a court to find that a prisoner's Step 1 problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the claim made against a defendant in a prisoner's complaint; adding that "a grievant need only "object intelligently to some asserted shortcoming." and need not 'lay out facts articulate legal theories, or demand particular relief." (internal citations omitted)(quoting Strong v Davis, 297 F.3d 646, 650 (7th Cir. 2002); see also Jackson Martino, 2022 U.S. Dist. LEXIS 224402 (ED. Mich., Nov. 8, 2022)

Plaintiff's grievance stating that his request for treatment were ignored had put Russell and Blessman on notice of the Constitutional claim against them and Dr. Stieve.

Unlike the MDOC policy at issue in Jones v Bock, PD 03.02.130 does not require an incarcerated plaintiff name such individuals at Step 1 to properly exhaust. Williams v Corizon, 2023 U.S. Dist. LEXIS 43582 (ED. Mich., 2023)

## Remedy

3

Wherefore, Defendant Stieve's motion(s) should be denied and the matter should go to a jury trial.

Respectfully submitted,

*Marcus L. Walker*
Marcus L. Walker, pro se

fn. Stieve claims via Affidavit that he has not worked for the MDOC since July 2014, yet there are several case authorities which name him as a defendant past 2014. See e.g., Spiller v Stieve, 2020 U.S. Dist. LEXIS 226633 (WD. Mich., July 13, 2020)[suit filed on July 3, 2019); Kensu v Borgerding, 2023 U.S. Dist. LEXIS 53996 (ED. Mich., March 29, 2023)[filed Sept. 28, 2016; Carter v Washington, 2022 U.S. Dist. LEXIS 91462 (ED. Mich., May 20, 2022); Stevens v Stieve, 2019 U.S. Dist LEXIS 168666 (WD. Mich., June 18, 2019)[suit filed on Aug. 22, 2013)

## Certificate of Service

I declare under penalty of perjury that I caused to be mailed the above documents and pleadings to:

Allen J. Soros
Attorney for Jeffrey Stieve
P.O. Box 30217
Lansing, MI 48909

*Marcus L. Walker #374618*
Marcus L. Walker, affiant

4



Marcus L. Walker -314618
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, MI. 49221

United States Di...
Eastern District of Michigan Theodore Levin
U.S. Courthouse 231 W. Lafayette Blvd. Rm 546
Detroit, Michigan 48226