UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,  NO. 2:21-cv-12874

v  HON. DENISE PAGE HOOD

DR. MARY GREINER, *et al.*,  MAG. PATRICIA T. MORRIS

    Defendants.

_____

| | |
|---|---|
| Marcus Walker #374618<br>*In Pro Per*<br>Macomb Correctional Facility<br>34625 26 Mile Road<br>Lenox Township, MI 48048<br><br>Allan J. Soros (P43702)<br>Assistant Attorney General<br>Attorney for MDOC Defendants<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br><br>Ian T. Cross (P83367)<br>Attorney for Defendant Dr. Greiner<br>402 W. Liberty Street<br>Ann Arbor, MI 48103<br>(734) 994-9590 | CHAPMAN LAW GROUP<br>Nicholas B. Pillow (P83927)<br>Jonathan C. Lanesky (P59740)<br>Attorneys for Defendants Dr. Papendick,<br>  Dr. Dorsey and Pfeil<br>1441 W. Long Lake Road, Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br><br>HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>Attorneys for Defendants Dr. Coleman<br>  and PA Jindal<br>10850 E. Traverse Highway, Suite 4440<br>Traverse City, MI 49684<br>(231) 642-5026 |

_____/

## **MDOC DEFENDANT REAM'S MOTION TO DISMISS**

Michigan Department of Corrections, Gus Harrison Correctional Facility, *retired* Grievance Coordinator Stacey Ream brings this motion under Fed. R. Civ. P. 10(c), and asks the Court to enter its order

1

dismissing Plaintiff's Complaint and granting summary judgment in her favor, based on the grounds set forth in their accompanying brief.

Concurrence in this motion has not been sought because Plaintiff is an incarcerated prisoner proceeding in pro se.

Respectfully submitted,

*s/ Allan J. Soros*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
sorosa@michigan.gov
P43702

Dated: June 22, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER #374618,

    Plaintiff,

v

DR. MARY GREINER, *et al.*,

    Defendants.

NO. 2:21-cv-12874

HON. DENISE PAGE HOOD

MAG. PATRICIA T. MORRIS

---

Marcus Walker #374618
*In Pro Per*
Macomb Correctional Facility
34625 26 Mile Road
Lenox Township, MI 48048

Allan J. Soros (P43702)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Ian T. Cross (P83367)
Attorney for Defendant Dr. Greiner
402 W. Liberty Street
Ann Arbor, MI 48103
(734) 994-9590

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
Jonathan C. Lanesky (P59740)
Attorneys for Defendants Dr. Papendick,
  Dr. Dorsey and Pfeil
1441 W. Long Lake Road, Suite 310
Troy, MI 48098
(248) 644-6326

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
Attorneys for Defendants Dr. Coleman
  and PA Jindal
10850 E. Traverse Highway, Suite 4440
Traverse City, MI 49684
(231) 642-5026

/

# MDOC DEFENDANT REAM'S BRIEF IN SUPPORT OF MOTION TO DISMISS

1

2

                                            Allan J. Soros (P43702)
                                            Assistant Attorney General
                                            Attorney for MDOC Defendants
                                            Corrections Division
                                            P.O. Box 30217
                                            Lansing, MI  48909
                                            (517) 335-3055
                                            sorosa@michigan.gov
Date:  June 22, 2023                  P43702

## CONCISE STATEMENT OF ISSUES PRESENTED

1. A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Grievance Coordinator Ream merely denied Plaintiff's Step I grievance. Should Plaintiff's complaint against Grievance Coordinator Ream be dismissed?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## 1.    Lack of Personal Involvement

Even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants. The mere denial of an administrative grievance does not amount to active unconstitutional behavior. *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 119 S. Ct. 1763 (1999)).

## STATEMENT OF FACTS

Plaintiff, Marcus Walker ("Walker"), is a *pro se* prisoner who is currently confined in the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility (MRF), Lenox Township, Michigan. Walker's Complaint is filed under 42 U.S.C. § 1983 and protests infringement of his civil rights, alleging violations of the Eighth Amendment of the United States Constitution.

Stacey Ream is the *retired* Grievance Coordinator at the Gus Harrison Correctional Facility (ARF), Adrian, Michigan. (ECF No. 1, PageID.3, ¶21.)

"On February 1, 2018, Plaintiff injured his right shoulder and arm while working out in the prison's weight room. In September 2018, an MRI performed at a Henry Ford Health System facility showed that he had a near complete tear of his rotator cuff." (ECF No. 4, PageID.68-69.) "Plaintiff alleges the delay in treatment and failure to adequately treat his injury has resulted in permanent disability and that he continues to suffer from severe, debilitating pain which severely impacts and restricts his function." (ECF No. 4, PageID.69.)

1

As to Walker's claims involving ARF Grievance Coordinator Ream, Walker alleges that Grievance Coordinator Ream responded/denied his Step I grievances. (ECF No. 1, PageID.12 at ¶68; PageID.16-17 at ¶¶83 & 85-86; PageID.20 at ¶¶101-102; and PageID.26 at ¶¶132-133.)

## ARGUMENTS

I. **A Plaintiff must make a clear showing that each named Defendant was personally involved in the activity that forms the basis of the complaint. Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Grievance Coordinator Ream merely responded/denied Plaintiff's Step I administrative grievances. Plaintiff's claims against Grievance Coordinator Ream should be dismissed.**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976); *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir. 1995). Defendant is cognizant of the well-settled maxim that *pro se* complaints are held to a "less stringent standard" than those

2

drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519 (1972). But even under the less stringent standard allowed for *pro se* complaints, the complaint must allege facts sufficient to show that a legal wrong has been committed and that it was committed by the named defendants. Conclusory, unsupported allegations of constitutional deprivation do not state a claim. *Ana Leon T v. Fed. Reserve Bank,* 823 F.2d 928, 930 (6th Cir.), *cert. denied,* 484 U.S. 945 (1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986).

Moreover, allegations premised on respondeat superior liability are foreclosed in § 1983 actions. *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Greene,* 310 F.3d at 899; *Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004).

In *Bellamy,* 729 F.2d at 421 (citing *Hays v. Jefferson County,* 668 F.2d 869, 872-74 (6th Cir. 1982)), the Sixth Circuit stated that in order

3

to impose liability on supervisory personnel, a plaintiff must show more than having brought offending conduct to the attention of supervisory officials:

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Bringing a complaint to the attention of supervisory officials is insufficient. A supervisory official's awareness after the fact of alleged illegal conduct does not provide a basis for imposition of damages under 42 U.S.C. § 1983. *Weaver v. Toombs,* 756 F. Supp. 335, 337 (W.D. Mich. 1989). Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir. 1988), *cert. denied,* 488 U.S. 1007 (1989).

Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.,* 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied,* 119 S. Ct. 1763 (1999)). Furthermore, the mere denial of an administrative grievance

4

does not amount to active unconstitutional behavior. *Shehee,* 199 F.3d at 300.

Walker has not made any factual allegations showing ARF Grievance Coordinator Ream's personal involvement in the complained-of acts, and merely states that she did not rectify the particular situation when brought to their attention. Because Walker has failed to show personal involvement sufficient to impose liability under § 1983, ARF Grievance Coordinator Ream is entitled to dismissal.

## CONCLUSION AND RELIEF REQUESTED

Walker has failed to state a constitutional claim against ARF Grievance Coordinator Ream. The Court should therefore dismiss ARF Grievance Coordinator Ream from this lawsuit.

Respectfully submitted,

*s/ Allan J. Soros*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
sorosa@michigan.gov
P43702

Dated: June 22, 2023
Soros\Walker 2022-0363663-A\Ream MTD & BIS

5

## CERTIFICATE OF SERVICE

I certify that on **June 22, 2023**, I electronically filed **MDOC DEFENDANT REAM'S MOTION TO DISMISS and BRIEF IN SUPPORT,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

Marcus Walker #374618
*In Pro Per*
Macomb Correctional Facility
34625 26 Mile Road
Lenox Township, MI 48048

*s/ Allan J. Soros*
ALLAN J. SOROS (P43702)
Assistant Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
sorosa@michigan.gov
(517) 335-3055
P43702

6