# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MARCUS L. WALKER, | CASE NO. 2:21-cv-12874 |
| *Plaintiff,* | |
| v. | HON. DENISE PAGE HOOD<br>DISTRICT JUDGE |
| DR. MARY GREINER, ROSILYN JEAN JINDAL, *Physician Assistant*, MARY VELARDE, *RN*, KAELYNN PFEIL, CONNIE McCOOL, DR. JEFFREY BOMBER, CONNIE WHIPPLE, *MDOC Medical Director*, VIVIEN DORSEY, *Dr.*, JEFFREY C. STIEVE, *Chief Medical Officer*, DR. RICKEY COLEMAN, *Acting Chief Medical Officer/Utilization Management Direct (Inpatient)*, DR. KEITH PAPENDICK, *Utilization Management Director (Outpatient)*, RICHARD D. RUSSELL, *Manager Grievance Section*, STACEY REAM, JAMES BRESSMAN, *Dr.*, CARMEN McINTYRE, JOHN DOE, I, OFFICER JOHN DOE, II, CORZON HEALTHCARE, INC., | HON. PATRICIA T. MORRIS<br>MAGISTRATE JUDGE |
| *Defendants.*[1] | |
| _____ / | |

## REPORT AND RECOMMENDATION ON DEFENDANTS BRESSMAN AND RUSSELL'S MOTION TO DISMISS OR FOR SUMMARY

---

[1] Other Defendants were dismissed on May 4, 2022.

**JUDGMENT (ECF No. 60), DEFENDANT STIEVE'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF No. 81), and DEFENDANT REAM'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (ECF No. 91)**

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **GRANT** each of the motions. (ECF Nos. 60, 81, and 91.) If this Report and Recommendation is adopted, Defendants Bressman, Russell, Stieve, and Ream would be dismissed from this case.

II. **REPORT**

    A. **Introduction**

This is a prisoner civil rights case. On December 2, 2021, Plaintiff Marcus L. Walker, a Michigan Department of Corrections ("MDOC") inmate, filed a complaint under 42 U.S.C. § 1983 against several defendants related to his medical treatment (or lack thereof) for a torn rotator cuff. (ECF No. 1).

    B. **Standards of Review**

        1. **Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint pro se, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

2. **Summary Judgment**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert

that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined

"proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.* at 90.

For the grievance at issue in this case, MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. "Grievances and grievance appeals at all steps shall be considered filed on the date received by the Department." *Id.* at ¶ T. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

> P.D. 03.02.130, ¶ Q provides:
>
> "Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs. If the issue is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original). Paragraph Y states further that "After receipt of the grievance, the Grievance Coordinator shall determine if the grievance should be rejected pursuant to this policy. If the grievance is rejected, the grievance response shall state the reason for the rejection without addressing the merits of the grievance." P.D. 03.02.130, ¶ Y.

### D. Analysis

**1. Defendants Bressman and Russell (ECF No. 60)**

Defendant indicates that Plaintiff's claim as to Defendant Bressman is that he "offer[ed] medication that relieved nothing, but only caused more suffering and agony" and that on January 30, 2020, Plaintiff learned that Defendant Bressman had denied a request for further medication. (ECF No. 1, PageID.9-10, 20.) As to Defendant Russell, Plaintiff's claim is that he denied Plaintiff's Step III grievance appeals. (ECF No. 1, PageID.23.)

As to Defendant Russell, I suggest that Defendant properly contends that mere denial of an administrative grievance is does not amount to active unconstitutional

behavior. (ECF No. 60, PageID.389-90.) "The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance." *Hubbard v. Braley*, 2022 WL 1695769, at *2 (E.D> Mich. May 26, 2022)(collecting cases). Therefore, I recommend the motion to dismiss be granted as to Defendant Ruseell.

As to Defendant Bressman, Defendant argues that Plaintiff does not name Defendant Bressman (or Russell) anywhere in his grievance and thus has not properly exhausted as to either Defendant. (ECF No. 60, PageID.390-91.) Defendants incorporate the arguments made in ECF No. 44 and a review of the grievance reports and grievances filed by Plaintiff reveals that neither Defendant Russell or Defendant Bressman is named in any of Plaintiff's grievances. (ECF No. 44, PageID.223-297.) This is fatal to his claim against each of them. *Whorton v. Dinsa*, 2022 WL 1216306, at *4 (E.D. Mich. Mar. 28, 2022)("a plaintiff fails to exhaust administrative remedies against a defendant if the plaintiff does not name the defendant at Step I of the grievance."). Therefore, I suggest that Defendant Russell and Defendant Bressman's motion be granted on this ground

### 2. Defendant Stieve (ECF No. 81)

Defendants incorporate the arguments made in ECF No. 44 and a review of the grievance reports and grievances filed by Plaintiff reveals that Defendant Stieve

is not named in any of Plaintiff's grievances. (ECF No. 44, PageID.223-297.) This is fatal to his claim against Defendant Stieve. *Whorton, supra.* In addition, Defendant Stieve retired from the MDOC in July 2014 and could not have been involved with Plaintiff's medical care anytime during or after Plaintiff's shoulder injury in 2018. (ECF No. 81, PageID.475-76.). I therefore recommend that Defendant Stieve's motion be granted.

    3.    **Defendant Ream (ECF No. 91)**

As to Defendant Ream, Plaintiff's allegations are merely that she denied his Step I grievances and that she failed to rectify his situations when brought to her attention. (ECF No. 1, PageID.12, 16-17, 20, 26.) As indicated earlier, a mere denial of grievances does not raise a constitutional wrong, *Whorton, supra*. In addition, since § 1983 liability cannot be based on a failure to act or vicarious liability, these allegations also fail to state a cognizable claim. *Wilson v. Mattis*, 2021 WL 4243158, at *2 (E.D. Mich. Sept. 17, 2021)(citing cases). Therefore, I recommend that Defendant Ream's motion be granted.

    E.  **Conclusion**

**I RECOMMEND** that the Court **GRANT** each of the motions. (ECF Nos. 60, 81, and 91.)

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 24, 2023                                         s/PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge