United States District Court
Eastern District of Michigan
Southern Division

MARCUS L. WALKER,

    Plaintiff,

V.

MARY GREINER, ET AL.,

    Defendants.

_____/

Case No. 2:21-cv-12874

HON. DENISE PAGE HOOD

**ORDER REGARDING REPORTS AND RECOMMENDATIONS (ECF NOs. 30 AND 64)**

**I.    Introduction**

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation regarding the Magistrate Judge's recommendation to dismiss John Doe Defendants filed on January 17, 2023 (ECF No. 30), and Report and Recommendation (ECF No.64) on Defendant Dr. Carmen McIntyre-Leon and RN Mary Velarde's Motion to Dismiss or, Alternatively, for Summary Judgment on the Basis of Exhaustion (ECF No. 44). Plaintiff filed timely objections to both Reports and Recommendations.

**II.    Standard of Review**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified purpose findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id.* In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the right to appeal the Magistrate Judge's recommendation within fourteen (14) days of service of the Report and

Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 Fed 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

II.     **Applicable Law**

A.  **Dismissal of John Doe Defendants:**

Under Federal Rule of Civil Procedure 4(m) if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

B.  **Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6) a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). A plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plaintiff filed his complaint *pro se,* which means that the pleadings are liberally construed. *Spotts v. United States*, 429 F. 3d 248, 250 (6th Cir. 2005). However *pro se* complaints must satisfy basic pleading requirements.

C.  **Summary Judgment**

Under Fed. R. Civ. P. 56(a), a court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. The moving

2

party bear the initial burden if showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. The Court may consider the plausibility of the movants' evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex Corp. v. Cartrett,* 477 U.S. at 325 (1986). To withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Cosmas v. Am. Express Centurion Bank*, 757 F.Supp.2d 489, 492 (D. N.J. 2010). (Quoting *Jackson v. Martino*, 2022 U.S. Dist. LEXIS 192158).

**D. Exhaustion Under the PLRA**

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. Sec 1997e(a), a prisoner cannot bring an action with respect to prison conditions under Sec 1983 without exhausting the remedies available. Proper exhaustion is defined as requiring compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. at 90. (2006). The MDOC Policy Directive has a three-step administrative exhaustion process for grievable matters.

**III.   Analysis**

**A.  January 17, 2023 Report and Recommendation**

After review of the January 17, 2023 Report and Recommendation, the Court disagrees with the Magistrate Judge's conclusion inasmuch as Walker has now identified the names of the two John Does. Walker indicated in objection one (1) that both John Doe Defendants were identified, named and served. Those two defendants are Dr. Keith Papendick and Dr. James Bressman. A *pro se* complaint or objection is generally not held to the same standard as a complaint or

3

objection filed by an attorney. Since the Plaintiff has provided information that can support that the defendants were named and served, there are no longer unidentified Defendants. The Court dismisses John Doe I and John Doe II in name only on the docket since they are now identified as proper Defendants.

### B.  April 14, 2023, Report and Recommendation

As to the April 4, 2023, Report and Recommendation, the Court agrees with the Magistrate Judge's conclusion that the claims must be dismissed against Defendant McIntyre-Leon. Plaintiff does not contest this recommendation. Plaintiff did not allege that Defendant McIntyre-Leon was personally involved in any unconstitutional conduct which is required under a Section 1983 claim.

As to the portion of the Report and Recommendation for the Defendant Velarde, R.N. (Velarde) the Court finds the Magistrate Judge's conclusion to be correct and agrees that Velarde's motion to dismiss based on exhaustion be denied. Plaintiff provided evidence to prove that he exhausted his remedies as required by the PLRA of 1996. In the present case, grievance 0006-281 shows that three days prior, Plaintiff attempted to resolve the issue within his December 24 kite as required with Velarde. The chain of communication was spread over the Christmas holiday which required days to pass before Plaintiff could communicate with Velarde. Ultimately, all his communication via kites and grievances were timely.

### IV.  Conclusion

Accordingly,

IT IS ORDERED that Magistrate Judge Patricia T. Morris's January 17, 2023, Report and Recommendation on dismissal of John Doe Defendants because they were not identified **(ECF No. 30)** is **REJECTED** since these Defendants have now been identified.

4

    IT IS FURTHER ORDERED that since Defendants John Doe I and John Doe II are now identified, the names **John Doe I and John Doe II are DISMISSED** in name only from the Court's Docket.

    IT IS FURTHER ORDERED that Magistrate Judge Patricia T. Morris's April 4, 2023 Report and Recommendation on Defendants' Motion to Dismiss or Alternatively, for Summary Judgment on the Basis of Exhaustion **(ECF No. 64)** is **ACCEPTED AND ADOTED** as this Court's findings of fact and conclusion of law.

    IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or Alternatively, for Summary Judgment on the Basis of Exhaustion filed by Defendants Carmen McIntyre-Leon and Mary Valerde **(ECF No. 44)** is **GRANTED AND DENIED IN PART.** Defendant Carmen McIntyre-Leon is **DISMISSED,** and Defendant Mary Velarde REMAINS.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

Dated:  July 31, 2023