UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS L. WALKER, | Case No. 2:21-cv-12874 |
|           *Plaintiff*, | Denise Page Hood |
| v. | United States District Judge |
| MARY GREINER, et al., | Patricia T. Morris |
| | United States Magistrate Judge |
|           *Defendants*. | |
| _____/ | |

**ORDER TO SHOW CAUSE WHY CLAIMS AGAINST CORIZON DEFENDANTS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

    This is a prisoner civil rights action. The remaining Defendants include Corizon, which was a private company that provided healthcare services to inmates in the custody of the Michigan Department of Corrections ("MDOC"), as well as several former Corizon employees. This case, like many others involving Corizon or its former employees, has been stayed pending resolution of Corizon's Chapter 11 proceedings in the U.S. Bankruptcy Court for the Southern District of Texas.

    On March 3, 2025, the Bankruptcy Court entered an Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee Official Committee of Unsecured Creditors, and Debtor. (*In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025)). A couple of weeks later, this Court entered an order directing Corizon Defendants

1

to notify the Court once they learned the effective date for the Plan. (ECF No. 115). A notice has since been filed informing the Court that the Plan's effective date was March 31, 2025. (ECF No. 116).

The Court has reviewed the Plan's relevant provisions and is inclined to dismiss Plaintiff's claims against Corizon and its former employees without prejudice. Under the Plan, Corizon has thirty months from the effective date to fully fund the trust from which tort claims (like this one) would be paid out. The Plan provides that claims against medical professionals will be released once the trust is fully funded. It further provides that claims such as Plaintiff's will be tolled, which means that if Corizon fails to fund the trust as ordered then Plaintiff will have ninety days following the termination of the channeling injunction to refile his claims against Corizon Defendants.

Accordingly, the Court hereby **ORDERS** Plaintiff to **SHOW CAUSE** why his claims against Corizon Defendants should not be dismissed without prejudice by **Friday, June 13, 2025**. Corizon Defendants are **ORDERED** to file either joint or separate responses by **Friday, June 27, 2025**.[1] If Plaintiff fails to file a timely response, Corizon Defendants must nonetheless file a response to this Order.**IT IS SO ORDERED.**

---

[1] MDOC Defendants *may* file a brief addressing this Order by Corizon's response deadline of Friday, June 27, 2025.

Dated: May 20, 2025                                    s/PATRICIA T. MORRIS
                                                       PATRICIA T. MORRIS
                                                       United States Magistrate Judge

3