# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER, #410324

        Case No.: 2:21-cv-12874

    Plaintiffs,        District Judge: Denise Page Hood

        Magistrate Judge: Patricia T. Morris

v.

GREINER, *et al*.

    Defendants,

| | |
|---|---|
| Marcus Walker, #374618<br>*In pro per*<br>Macomb Correctional Facility<br>34625 26 Mile Road<br>Lenox Township, MI 48048 | CHAPMAN LAW GROUP<br>Jonathan C. Lanesky (P59740)<br>Nick B. Pillow (P83927)<br>*Attorneys for Vivian Dorsey, MD; and Kaelynn Pfeil*<br>1441 W. Long Lake Rd, Ste. 310<br>Troy, MI 48098<br>(248) 644-6326<br>jlanesky@chapmanlawgroup.com<br>npillow@chapmanlawgroup.com |
| MI DEPT. OF ATTORNEY GENERAL<br>Allen J. Soros (P43702)<br>*Attorneys for the MDOC Defendants*<br>PO Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>trudgeons@michigan.gov | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Rosilyn Jindal, PA; Rickey Coleman, DO; and Keith Papendick, MD*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com |

MARGOLIS & CROSS
Ian T. Cross (P83367)
*Attorneys for Mary Greiner, DO*
402 W. Liberty St.
Ann Arbor, MI 48103
(734) 994-9590
ian@lawinannarbor.com

_____

## **DEFENDANTS JINDAL, COLEMAN, AND PAPENDICK'S RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 117)**

I.      INTRODUCTION

The Court is correct in its May 20, 2025 Order (ECF No. 117) that Plaintiff's claims against former employees of Corizon should be dismissed due to the recent bankruptcy plan. Plaintiff Walker filed a proof of claim as a creditor to the bankruptcy. The Tehum Care Services Bankruptcy Plan allows creditor parties suing Corizon or its former employees to receive money from a claims trust process administered through the bankruptcy court, but enjoins them from continuing litigation in state and federal court. The Plan allows creditors to opt out of this process, but Plaintiff did not opt out. Therefore Plaintiff's claims against Defendants Rosilyn Jindal, PA, Rickey Coleman, DO, and Keith Papendick, MD should be dismissed.

Defendants Jindal, Coleman, and Papendick received a "Motion to Show Cause Why Claim against Corizon Defendant Should Not Be Dismissed Without Prejudice" from Plaintiff Walker. It is dated June 9, 2025, but as of this filing has not been docketed by the Court. Plaintiff does not argue that he is not a creditor, did not opt out,

or that Defendants Jindal, Coleman, and Papendick are Released Parties under the bankruptcy plan. For the reasons stated below, dismissal is therefore appropriate

II. CORIZON/TEHUM BANKRUPTCY

This matter arises out of medical care and treatment Plaintiff Marcus Walker received in 2018-2021 while he was an inmate at Gus Harrison Correctional Facility (ARF) (ECF NO. 1). During that time, Defendants Rosilyn Jindal, PA, Rickey Coleman, DO, and Keith Papendick, MD (herein "Defendants") were medical providers at ARF providing care in various forms to inmates. They were employed by Defendant Corizon Health Services, Inc. ("Corizon") which had a contract with the Michigan Department of Corrections (MDOC) to provide prison medicine services. Plaintiff Walker alleges that Defendants violated his U.S. Constitutional rights. (see, ECF No. 1).

The Court is aware of some or all of the relevant bankruptcy proceedings, so Defendants will only briefly outline the relevant history. Corizon lost the MDOC contract in September 2021 and Defendants' employment with Corizon ended at that time. Corizon later changed its name to Tehum Care Services ("Tehum") and filed for bankruptcy in February 2023. After many mediations and motions, a bankruptcy plan was submitted in October 2024 and voted on from November 2024 to February 2025. The First Modified Joint Chapter 11 Plan of the Tort Claimants' Committee of Unsecured Creditors, and Debtor (the "Plan") was approved by the creditors and confirmed by Bankruptcy Judge Lopez on March 3, 2025, with an effective date of

March 31, 2025. (Exhibit 1, Plan; Exhibit 2, Confirmation Order; Exhibit 3, Notice of Effective Date).

Plaintiff was a creditor to the Tehum Bankruptcy and was entitled to vote to approve or object to it as well as opt in or out of its treatment of his claims. (Exhibit 4, Plaintiff Proofs of Claim). The Tehum Bankruptcy Plan works by first channeling various creditors into two broad categories: "(1) PI/WD claims, which are claims relating to alleged personal injury tort or wrongful death claims, generally arising out [of] allegations of medical malpractice, abuse, or neglect at facilities in which the Debtor served as a health care provider; and (2) Non-PI/WD Claims or GUC Claims, which are generally contract and trade claims based on the Debtor's contractual duties owed to contract counterparties and/or the Debtor's obligations owed to third parties." (Bktcy Dkt. Document No. 1815, Disclosure Statement). Each category of claimants would get $25 million and an even share of the rights to various tax credits and other sources of money that would fund separate trusts. Plaintiff is a PI/WD claimant. (Exhibit 1, pg. 12) and had the option to participate in the Plan or opt-out of its treatment of his claims. There were four options for PI/WD claimants: they could opt-in and receive an expedited $5,000 payment, they could opt-in and go through a trust mediation process to receive a portion of the PI/WD Trust, they could opt-out to pursue a claim against a Debtor policy of insurance, or they could opt out of the Plan entirely. The first two categories would become Class 6 claimants, the third would become Class 7 Claimants, and the fourth would be Class 8 claimants. (Exhibit 1, pgs. 26-31).

In exchange for the right to either an expedited or a trust payment, Class 6 claimants, also called Consenting Claimants (Exhibit 3, pg. 4), are "enjoined from prosecuting any outstanding or filing future Claims against the Released Parties in any forum whatsoever, including any state, federal, or non-U.S. court. (Id., pg. 29). This release is also encapsulated in the Consensual Claimant Release provision in Article IX.D. of the Plan (Id., pg. 53). The Release is effective as of the Final Payment Date and there is a Channeling Injunction in place until that time that bars Class 6 creditors from conducting or continuing any legal proceeding against a Released Party outside of the PI/WD trust distribution process. (Id. pg. 55).  An opt-out release form was provided to all creditors and if creditors wished to opt-out of the Consensual Claimant Release and Channeling Injunction, they were required to return the form prior to February 21, 2025. (Id., pg. 26; Exhibit 5, Opt-Out Form and Procedures, pg. 2). Failing to opt-out is considered an opt-in and release. (Exhibit 3, pg. 26; see also Exhibit 5, pg. 4, ("if You do NOT affirmatively "Opt Out" of the Consensual Claimant Release by submitting this Opt-Out Release Form prior to the voting deadline, the Consensual Claimant Release will bar you from initiating any Cause of Action against the Released Parties in the manner and to the extent spelled out in the Plan and/or order of the Bankruptcy Court, as may be applicable." (emphasis removed in part))).

A "Released Party" is defined under the Plan as: "(a) the Debtor [Tehum, formerly known as Corizon], [various people and entities listed (b)-(z) related to the bankruptcy proceedings or the divisional merger]…and for each entity listed in (a)

through (z), each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates, provided, however, that a Non-Released Party shall not be a "Released Party." (Exhibit 3, pg. 18). "Non-Released Parties" are defined in the Plan as well and include "any entity co-liable with one or more Released Parties, including a Governmental Unit, on any claim." (Id., pg. 15).

Plaintiff Walker did not vote on the Plan and did not opt-out. A representative of Verita Global, which counted the votes, submitted a Declaration on February 25, 2025 on the voting procedures and reported the tabulation of votes, including a number of charts. (Exhibit 5, Declaration). Plaintiff's name does not appear in the charts, including Exhibit A-4 (Class 6), Exhibit A-5 (Class 7), Exhibit A-6 (Class 8), and most importantly Exhibit B, "Opt-Out Summary." (Exhibit 6, pgs. 19-27, 33-35; See also Exhibit 2, pg. 57).

### III. APPLICATION TO DEFENDANTS

Counsel for Defendants represent a number of former Corizon employees and for almost exactly two years have been asking various federal courts in Michigan to stay proceedings in the various cases. There were two reasons to do so: 1. the possibility that the bankruptcy plan would provide for the defense and indemnification of Corizon's former employees that had stopped when Corizon/Tehum went bankrupt, and 2. the possibility that the bankruptcy would provide tort plaintiffs with money to resolve claims against Corizon or its former

employees. The first unfortunately did not occur, but the various plaintiffs', defendants', and judges'—including this Court's—patience has been rewarded with the occurrence of the second. There is now a pot of money from Tehum/Corizon for claims against it and its former employees and a mechanism for tort claimants to receive a portion.

This Plan does not resolve all lawsuits by Michigan prisoners against Corizon and its former employee medical providers, particularly the ones where the plaintiff opted out, but this case <u>is</u> resolved by the Bankruptcy Plan because three key things are true. One, Plaintiff filed a Proof of Claim as a creditors to the bankruptcy.[1] Two, Defendants Jindal, Coleman, and Papendick are former employees of Corizon, now known as Tehum, and are therefore Released Parties. Finally, three, Plaintiff did not opt-out of the Plan. He can now pursue his claims through expedited payment or the PI/WD trust process in the bankruptcy proceeding. But he cannot pursue his claims against Defendants in federal court after the Effective Date. He has granted Tehum and its former employees a Consensual Claimant Release and:

> "[E]xpressly conclusively, absolutely, unconditionally, irrevocably, and forever release[d] and discharge[d] **each Released Party of and from any and all Causes of Action based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event or other circumstance taking place or existing on or before the Effective Date [March 31, 2025] in connection with or related to the Debtor**, the Estate, their respective current or former

---

[1] Plaintiffs' names and Proof of Claim can also be found under the Creditor Search on the Verita website for the bankruptcy: https://veritaglobal.net/tehum/creditor/search/result/2

7

>assets and properties, the Chapter 11 Case, the Plan of Divisional Merger, any Claim or Interest that is treated by the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of any Claim or interest that is treated by the Plan before or during the Chapter 11 case, any of the Plan documents or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Case or the negotiation, formulation, preparation or implementation thereof, the pursuit of Plan confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the distribution of property under the Plan, or any other act or omission transaction, agreement, event or other occurrence taking place on or before the Effective Date related or relating to the foregoing[.]"
>(Exhibit 3, pg. 53)(emphasis modified)[2]

Even though Plaintiff did not vote on the Plan, this Release and the Channeling Injunction bind him. The opt-out decision had to be affirmatively made by February 21, 2025. Affirmatively choosing to opt-in and not acting at all had the same effect: opting into the Plan, granting the Consensual Claimant Release, and enjoining continued litigation. Defendants have cited the many places where this is clearly stated in the bankruptcy documents, including pg. 22 of the Plan,  but the best articulation is from the Opt-Out Form itself: "If You do NOT affirmatively "Opt Out" of the Consensual Claimant Release by submitting this Opt-Out Release Form prior to the

---

[2] See also:
Exhibit 1, pg. 7, Definitions of "Channeled Claim" and  "Channeled PI/WD Claim";
Id., pg. 55, "Protections Afforded to Released Parties."
Id., pg. 29, "Holders of Channeled PI/WD Claims shall be enjoined from prosecuting any outstanding of filing future claims against the Released Parties in any forum whatsoever, including any state, federal, or non-US Court."

Voting Deadline, the Consensual Claimant Release will bar you from initiating any Cause of Action against the Released Parties in the manner and to the extent spelled out in the Plan and/or order of the Bankruptcy Court, as may be applicable" (Exhibit 11, pg. 4) (emphasis in original). Plaintiff did not opt-out, therefore he has opted into the Plan as a Class 6 creditor. This has financial benefits for him but does mean he cannot continue this suit against Defendants Jindal, Papendick, and Coleman.

## IV. RELIEF REQUESTED

WHEREFORE, for the reasons set forth above, Defendants Jindal and Coleman request this Honorable Court grant dismiss Plaintiff Walker's claims against them without prejudice and grant whatever other relief it deems appropriate.

Respectfully

**HACKNEY ODLUM & DARDAS**

Dated: June 26, 2025  By:_____
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
Attorneys for Jindal, Coleman, and Papendick
10850 E. Traverse Hwy. Ste. 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

9

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on the 26th day of June 2025, I electronically filed the attached *Response to Order to Show Cause* together with this Certificate of Service with the Clerk of the Court using the ECF system, which will serve copies on co-defendants' counsel and mailed Plaintiff a copy via first class mail

Dated:  June 26, 2025

By:_____
Thomas G. Hackney (P81283)
Hackney Odlum & Dardas
Attorneys for Jindal, Papendick, and Coleman