UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS L. WALKER, | Case No. 2:21-cv-12874 |
| *Plaintiff*, | |
| v. | Denise Page Hood<br>United States District Judge |
| DR. MARY GREINER, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

**REPORT AND RECOMMENDATION
TO DISMISS CLAIMS AGAINST CORIZON
DEFENDANTS *SUA SPONTE* WITHOUT PREJUDICE
AND
TO TERMINATE DUPLICATIVE DEFENDANT**

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants Dr. Mary Greiner, Rosilyn Jean Jindal, Kaelynn Pfeil, Vivien Dorsey, Dr. Rickey Coleman, Dr. Keith Papendick, Dr. Jeffrey Bomber, Connie Whipple, and Corizon Healthcare, Inc. (or "Corizon Defendants") ***SUA SPONTE* WITHOUT PREJUDICE**. Additionally, the Court should **TERMINATE** Defendant Connie McCool because she and Defendant Connie Whipple are one and the same.

Given this recommendation, the Undersigned will **LIFT** the stay in this matter as to Defendant Mary Velarde, who is the only remaining defendant unaffiliated with

1

Corizon. A separate scheduling order will follow.

## II. REPORT

### A. Background

This is a prisoner civil rights action. At this time, Plaintiff has remaining claims against Corizon Defendants and Velarde. Three Corizon Defendants have not been served: Whipple, Bomber, and Corizon itself.[1] Velarde is an employee of the Michigan Department of Corrections and is unaffected by the following analysis.

As the Undersigned explained in her May 20, 2025 order to show cause, Corizon

> was a private company that provided healthcare services to inmates in the custody of the Michigan Department of Corrections ("MDOC"). This case, like many others involving Corizon or its former employees, has been stayed pending resolution of Corizon's Chapter 11 proceedings in the U.S. Bankruptcy Court for the Southern District of Texas.
>
> On March 3, 2025, the Bankruptcy Court entered an Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee Official Committee of Unsecured Creditors, and Debtor. (*In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025)). A couple of weeks later, this Court entered an order directing Corizon Defendants to notify the Court once

---

[1] Even though Whipple and Bomber have not appeared in this matter and thus have not had the opportunity to identify themselves as former Corizon employees, prior opinions from this district do identify them as such. *See, e.g.*, *Lane v. Whipple*, No. 20-13444, 2023 WL 1170303, at *4 (E.D. Mich. Jan. 6, 2023), *report and recommendation adopted*, 2023 WL 1113118 (E.D. Mich. Jan. 30, 2023) (describing Whipple "as a utilization management clerical assistant for Corizon"); *Pearson v. Michigan Dep't of Corr.*, No. 19-10707, 2021 WL 3079898, at *2 (E.D. Mich. July 21, 2021) ("Jeffrey Bomber served as Corizon State Medical's acting director. In this capacity, Bomber oversaw all of Corizon's health care professionals in the MDOC.").

> they learned the effective date for the Plan. (ECF No. 115). A notice has since been filed informing the Court that the Plan's effective date was March 31, 2025. (ECF No. 116).
>
> The Court has reviewed the Plan's relevant provisions and is inclined to dismiss Plaintiff's claims against Corizon and its former employees without prejudice. Under the Plan, Corizon has thirty months from the effective date to fully fund the trust from which tort claims (like this one) would be paid out. The Plan provides that claims against medical professionals will be released once the trust is fully funded. It further provides that claims such as Plaintiff's will be tolled, which means that if Corizon fails to fund the trust as ordered then Plaintiff will have ninety days following the termination of the channeling injunction to refile his claims against Corizon Defendants.
>
> Accordingly, the Court hereby **ORDERS** Plaintiff to **SHOW CAUSE** why his claims against Corizon Defendants should not be dismissed without prejudice by **Friday, June 13, 2025**. Corizon Defendants are **ORDERED** to file either joint or separate responses by **Friday, June 27, 2025**. If Plaintiff fails to file a timely response, Corizon Defendants must nonetheless file a response to this Order.

(ECF No. 117, PageID.711–12 (emphasis in original and internal footnote omitted)).

Three responses have since been filed: Plaintiff's (ECF No. 118); Greiner's (ECF No. 120); and Coleman, Jindal, and Papendick's (ECF No. 119). Additionally, Plaintiff filed a reply to each defense response. (ECF Nos. 121, 122).

    **B.**    **Discussion**

According to the Bankruptcy Court's docket, YesCare a/k/a Corizon filed a motion on May 16, 2025, seeking an order enjoining plaintiffs in lawsuits like this one from prosecuting their cases against released parties. The Bankruptcy Court ruled on this motion on August 7, 2025, explaining that YesCare had been ordered

3

to provide "a Court approved Opt-Out Release Form" to any party from whom YesCare sought "a consensual third-party release." *In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2374 (Bankr. S.D. Tex. Aug. 7, 2025). Some parties received the required form while others did not. *Id.* As to the parties who *did* receive the required form and did not timely opt out (listed in Exhibit A to the order), the Bankruptcy Court held that they are "bound by the consensual third-party releases in the Plan." *Id.*

Plaintiff is named in Exhibit A to this order, meaning he is "enjoined from continuing to litigate against any specifically named Released Party (i.e., defined parties in (a)-(z))." *Id.* "Released Parties" are defined in the Confirmation Order as

> collectively the following, in each case in its capacity as such with each being a "Released Party": (a) the Debtor; (b) Russell Perry, the Debtor's Chief Restructuring Officer; (c) the Committees and their respective members; (d) the Professionals; (e) the GUC Trustee; (f) the PI/WD Trustee; (g) the Settlement Parties; (h) M2 EquityCo LLC; (i) Valitás Intermediate Holdings Inc.; (j) Valitás Health Services, Inc.; (k) M2 Pharmacorr Equity Holdings LLC; (l) Pharmacorr/M2 LLC; (m) Pharmacorr Holdings LLC; (n) Endeavor Distribution LLC; (o) Yes Care Holdings LLC; (p) Sigma RM, LLC; (q) DG Realty Management LLC; (r) Scaracor LLC; (s) Yitzchak Lefkowitz a/k/a Isaac Lefkowitz; (t) Sara Ann Tirschwell; (u) Ayodeji Olawale Ladele; (v) Beverly Michelle Rice; (w) Jeffrey Scott King; (x) Jennifer Lynne Finger; (y) Frank Jeffrey Sholey; (z) FTI Capital Advisors, LLC, and for each Entity listed in (a) through (z), each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates; provided, however, that a Non-Released Party shall not be a "Released Party."

4

*In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025). The individual Corizon Defendants are former employees of Corizon and are not named in the separate definition for "Non-Released Parties"; thus, they are released parties against whom Plaintiff is enjoined from pursuing civil claims. Meanwhile, Corizon's debt has been discharged.

In his filings, Plaintiff argues that dismissal of his claims would be unfair and that he should be afforded leniency because he is both incarcerated and unrepresented by counsel. However, the Bankruptcy Court has already ruled that the individuals listed in Exhibit A to its August 7, 2025 order are bound to the Plan's third-party releases because these individuals received adequate notice of their rights to opt-out and failed to timely do so. Plaintiff is one of these individuals.

> As several circuit courts (including the Sixth Circuit) and other courts have held, interpreting and enforcing a Chapter 11 plan amounts to interpreting and enforcing an order of the court, bankruptcy courts have core, arising-in jurisdiction to interpret and enforce their own orders, and all this applies to Chapter 11 plans and the orders confirming them.

*In re Murray Energy Holdings Co.*, 662 B.R. 604, 617–18 (Bankr. S.D. Ohio 2024) (internal footnotes omitted) (collecting cases). This Court should not interfere with the Bankruptcy Court's exercise of its jurisdiction to interpret and enforce the Plan.

Dismissal of Plaintiff's case is supported by a recent decision from the Seventh Circuit. In that case, the court considered Corizon's motion to dismiss an appeal in which Corizon argued that the appellant was "covered by the [Plan's

5

channeling] injunction and [could not] proceed with this litigation." *Thomas v. Corizon Health, Inc.*, No. 25-1275, 2025 WL 2171021, at *1 (7th Cir. July 31, 2025). The court agreed, explaining

> [w]e are willing to suppose that problems in assuring reliable service in prison may have affected [the appellant]. But [Corizon] maintains that, just to be safe, it sent copies of the essential papers to [the appellant], who acknowledged receipt. It may well be that [the appellant] does not remember this and did not recognize the significance of the documents (he is not a lawyer and lacks legal assistance). Still, the legal effect of bankruptcy judges' orders does not depend on proof that claimants *understand* the meaning and significance of the documents they receive. It is enough that the documents be received.
>
> [The appellant] has asked us to recruit counsel for him, representing that he is unable to grasp complex subjects. That may well be, but once the bankruptcy court's deadline passed it was too late for [the appellant] to act. He could have sought help (including an extension of time) from the bankruptcy court or perhaps appealed the plan's confirmation and injunction to the district court, but he did not take either step.
>
> Under the confirmed plan, [the appellant] must pursue his claim against the PI/WD Trust. His appeal no longer is tenable, and [the appeal] is dismissed.

*Id.* Following the Seventh Circuit's sound reasoning, the Undersigned recommends dismissing Plaintiff's claims against Corizon Defendants because they are no longer tenable. As the Seventh Circuit explained, this is true regardless of whether Plaintiff understood the bankruptcy documents that he received.

Moreover, Plaintiff notified the Court on June 2, 2023, that Connie Whipple and Connie McCool are one and the same, and that Connie Whipple is this

individual's current name. (ECF No. 85). As such, Connie McCool should be terminated as a defendant on the docket.

### C. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Corizon Defendants *SUA SPONTE* **WITHOUT PREJUDICE**. Additionally, the Court should **TERMINATE** Defendant Connie McCool because she and Defendant Connie Whipple are one and the same.

Given this recommendation, the Undersigned hereby **LIFTS** the stay in this matter as to Mary Velarde, who is the only remaining defendant unaffiliated with Corizon. A separate scheduling order will follow.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 15, 2025        s /PATRICIA T. MORRIS
                                Patricia T. Morris
                                United States Magistrate Judge