# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

MARCUS WALKER, #374618

    Plaintiff,

v.

Dr. Mary Greiner,, *et al*.

    Defendants,

Case No.: 2:21-cv-12874
District Judge: Denise Page Hood
Magistrate Judge: Patricia T. Morris

---

| | |
|---|---|
| Marcus Walker, #374618<br>*In pro per*<br>Macomb Correctional Facility<br>34625 26 Mile Road<br>Lenox Township, MI 48048 | Ian T. Cross (P83367)<br>*Attorney for Defendant*<br>*Dr. Mary Greiner, D.O.*<br>402 W. Liberty St.<br>Ann Arbor, MI 48103<br>734-994-9590<br>ian@lawinannarbor.com |
| Allen J. Soros (P43702)<br>Assistant Attorney General<br>*Attorney for MDOC Defendants*<br>Michigan Department of<br>Attorney General -MDOC Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055 | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Dr. Keith Papendick, MD,*<br>*Dr. Ricky Coleman, D.O.,and*<br>*Rosalyn Jindal, P.A.*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com |

## **DEFENDANT DR. MARY GREINER'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE MORRIS' REPORT AND RECOMMENDATION TO DISMISS CLAIMS AGAINST CORIZON DEFENDANTS SUA SPONTE WITHOUT PREJUDICE [ECF No. 123]**

Plaintiff Marcus Walker raises two objections to Magistrate Morris' Report and Recommendation [ECF No. 126]. Both objections rest on the mistaken premise that Plaintiff was not listed in "Exhibit A" to the Bankruptcy Court's August 7th, 2025 Order, which identified those parties who were served with a court-approved Opt-Out Release Form, did not timely elect to "opt-out" of the bankruptcy settlement, and were thus enjoined from continuing to prosecute their claims against any Released Parties per the terms of the confirmed Tehum Care Services, Inc. Chapter 11 Plan. *See In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2374 (Bankr. S.D. Tex. Aug. 7, 2025). Plaintiff claims that the Magistrate Judge erred by concluding that the Bankruptcy Court's Order listed him in Exhibit A, and that his "name is in Exhibit B of this August 7, 2025 Order[.]" [ECF No. 126, PageID.1029].

Plaintiff is mistaken. His name, and the case number for this case, appear on the sixth line of the third and final page of "Exhibit A" to the Bankruptcy Court's August 7, 2025 Order (attached herein in its entirety as Dr. Greiner's **Exhibit 1**). Plaintiffs' confusion may stem from the fact that he was served a double-sided paper copy of the Order, such that the last page of "Exhibit A" and the first page of "Exhibit

B" were printed on opposite sides of the same physical sheet of paper. Reference to the electronically-filed version of the Bankruptcy Court's August 7th Order shows that Magistrate Judge Morris correctly identified the exhibit on which Plaintiff's name appears. Plaintiff's name appears on page 9 of 12 of the combined document, which is the third page of the Order's "Exhibit A." "Exhibit B" begins on page 10 of 12.

Plaintiff also takes issue with Magistrate Judge Morris' reliance on the Bankruptcy Court's factual finding that he was served with an Opt-Out Release Form. He argues that he did not receive the form. [ECF No. 126, PageID.1029]. Mr. Walker filed a brief in bankruptcy court in opposition to the motion to enjoin continued prosecution of his lawsuit, and nowhere in his briefing in bankruptcy court did he claim that he had not received the Opt-Out Release Form. *See In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2276 (Bankr. S.D. Tex. June 16, 2025).

The issue of service of the Opt-Out Release Form had already been (correctly) resolved against Plaintiff in the bankruptcy proceeding, and the Magistrate Judge did not err in relying on the Bankruptcy Court's factual finding that Plaintiff was served with the form. A proof of service filed by the claims and noticing agent in the *In re Tehum Care Services, Inc.* bankruptcy case demonstrates that Mr. Walker was served

3

with an Opt-Out Release Form on November 20, 2024[1], via First Class Mail, directed to the service address that Mr. Walker had designated for notice to himself on the proof-of-claim form he filed in the bankruptcy case. *See In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 1852, pg. 4, ¶ 13 & pg. 36; **Exhibit 2**: Proof-of-claim filed by Marcus L. Walker.

    Evidence that the form was placed in a properly addressed, stamped envelope and deposited in the U.S. Mail gives rise to a common-law presumption that the mailpiece "reached its destination in usual time and was actually received by the person to which it was addressed." *Hagner v. United States,* 285 U.S. 427, 430 (1932). Mr. Walker cannot defeat the presumption of receipt by simply denying in an unsworn pleading that he received the form. *See Citizens' Ins. Co. v. Harris,* 16-CV-10428, 2016 U.S. Dist. LEXIS 90649 at *11 (E.D. Mich. July 13, 2016); *see also, In re Bennett,* 135 B.R. 72, 76 n.1 (Bankr. S.D. Ohio 1992) ("If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would become unraveled.").

---

[1] Mr. Walker was also served with a second packet of bankruptcy-related materials on the same day, consisting of the "Disclosure Statement, Plan, Solicitation Procedures, TCC Letter, UCC Letter, Solicitation Procedures Order, and Confirmation Hearing Notice". *See In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 1852, pg. 4 ¶ 19, & pg. 92. This second packet of materials that was also served on November 20, 2024 did not include an Opt-Out Release Form.

## Conclusion

For all of the foregoing reasons, the Court should overrule Plaintiff's Objections to the Report and Recommendation.

Respectfully submitted,

Dated: October 21, 2025  /s/ *Ian T. Cross*
Ian T. Cross (P83367)
*Attorney for Defendant*
*Dr. Mary Greiner*
402 W. Liberty St.
Ann Arbor, MI  48103
(734) 994-9590
ian@lawinannarbor.com