# Exhibit 1:

# Bankruptcy Court Order

*In re Tehum Care Services, Inc.*, No. 23-90086,
ECF No. 2374
(Bankr. S.D. Tex. Aug. 7, 2025).

Case 2:20-cv-12396-BRM-DRG  ECF No. 127-1, PageID.1061  Filed 10/21/25  Page 2 of 13
Case 23-90086 Document 2374 Filed in TXSB on 08/07/25 Page 1 of 6
Docket #2374  Date Filed: 08/07/2025
United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 23-90086 |
| TEHUM CARE SERVICES, INC., | § § § | |
| Debtor. | § § § § | CHAPTER 11 |

**DECISION AND ORDER ON YESCARE'S OMNIBUS MOTION TO ENJOIN PLAINTIFFS FROM PROSECUTING CASES AGAINST RELEASED PARTIES**
(RE: ECF No. 2160)

CHS TX, Inc. d/b/a YesCare and certain of its affiliates are parties to consensual third-party releases approved under Tehum's confirmed Joint Chapter 11 Plan. YesCare recently filed a motion seeking to enjoin certain parties from litigating against YesCare and related parties based on the third-party releases.[1] The motion is partially granted and partially denied.

## BACKGROUND

In March 2025, the Court entered an order confirming the Plan ("**Confirmation Order**"). The Plan incorporated a settlement agreement between Tehum, YesCare and certain of its affiliates ("**YesCare Parties**"), the Official Committee of Tort Claimants, and the Official Committee of Unsecured Creditors.

The settlement resolved, among other things, Tehum's estate causes of action against YesCare Parties about a Texas divisional merger and related acts.[2] In exchange, YesCare Parties agreed to pay $50 million. The funds were split evenly between a personal injury and/or wrongful death trust and a general unsecured claim trust.[3] The Plan also provided for consensual third-party releases between, among others, YesCare Parties and personal injury and/or wrongful death ("**PI/WD**") claimants.

---

[1] Motion to Enjoin Plaintiffs from Prosecuting Against Released Parties, ECF No. 2160. The final list of proposed enjoined parties was filed at ECF No. 2360-1.
[2] Disclosure Statement, ECF No. 1815-2, at pp. 11–14.
[3] Disclosure Statement, ECF No. 1815-2, at p. 15.

1 / 6



The Plan defines "Released Parties" as:

> (a) the Debtor; (b) Russell Perry, the Debtor's Chief Restructuring Officer; (c) the Committees and their respective members; (d) the Professionals; (e) the GUC Trustee; (f) the PI/WD Trustee; (g) the Settlement Parties; (h) M2 EquityCo LLC; (i) Valitás Intermediate Holdings Inc.; (j) Valitás Health Services, Inc.; (k) M2 Pharmacorr Equity Holdings LLC; (l) Pharmacorr/M2 LLC; (m) Pharmacorr Holdings LLC; (n) Endeavor Distribution LLC; (o) Yes Care Holdings LLC; (p) Sigma RM, LLC; (q) DG Realty Management LLC; (r) Scaracor LLC; (s) Yitzchak Lefkowitz a/k/a Isaac Lefkowitz; (t) Sara Ann Tirschwell; (u) Ayodeji Olawale Ladele; (v) Beverly Michelle Rice; (w) Jeffrey Scott King; (x) Jennifer Lynne Finger; (y) Frank Jeffrey Sholey; (z) FTI Capital Advisors, LLC, and for each Entity listed in (a) through (z), each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates.[4]

The Court approved voting and solicitation procedures order ("**Solicitation Order**") required solicitation packages to be sent to eligible claimholders.[5] PI/WD claimants were classified in Classes 6–8 of the Plan and were entitled to receive a ballot and an "Opt-Out Release Form."[6] A PI/WD claimant who did not opt out of the third-party releases by checking the appropriate box on the Opt-Out Release Form was deemed a "Consenting PI/WD Claimant." Consenting claimants' claims were channeled to the PI/WD trust on the effective date of the Plan. Under the Plan, channeled claimants participated in the $50 million settlement and released claims against YesCare Parties and other "Released Parties." Claimants who opted out of the third-party releases did not participate in the settlement and could pursue recovery against third parties in the tort system—including YesCare Parties—on theories of successor liability.[7]

---

[4] Plan, ECF No. 1815-1, at p. 14.
[5] Solicitation Order, ECF No. 1813, Exhibit 1: Solicitation Procedures, at p. 1.
[6] Solicitation Order, ECF No. 1813, Exhibit 1: Solicitation Procedures, at pp. 7, 9.
[7] Disclosure Statement, ECF No. 1815-2, at v–vi. Aside from successor liability, causes of action that were derivative of estate causes of action were settled and released by Tehum. The Solicitation Order also provided that holders of general unsecured claims would receive an Opt-Out Release Form. It does not appear that any of the parties identified in YesCare's motion fall into this category. But it would not change anything in this Order anyway.

In connection with Plan confirmation, the solicitation agent filed a certificate of service of the solicitation materials ("**Solicitation Certificate of Service**").[8] The parties YesCare seeks to enjoin were not all served the same materials.[9] Some parties received a ballot and an Opt-Out Release Form, some received Plan related materials but did not receive an Opt-Out Release Form, and some did not receive any Plan related materials. The solicitation agent also filed a Declaration Regarding Solicitation and Tabulation of Votes ("**Voting Declaration**").[10] The Voting Declaration states that the solicitation agent posted certain solicitation materials, including the Plan and the Disclosure Statement on a public access website.[11] The Voting Declaration also states that publication notice was published in the Prison Legal News.[12] And that the solicitation agent served solicitation packages, which should include an Opt-Out Release Form and a ballot, on all holders of claims in Classes 6, 7, and 8.[13]

## YESCARE'S MOTION

YesCare seeks an order enjoining certain parties from continuing to litigate in federal and state courts against YesCare Parties. YesCare identified over 100 parties in chart who allegedly did not submit an Opt-Out Release Form.[14] The chart identified parties by name, the case caption for the litigation, and the form of notice purportedly provided to each party.[15] YesCare asserts that each listed party received sufficient notice of the consensual third-party releases in the Plan, and that the channeling injunction under the Plan bars them from prosecuting their respective lawsuits. Over twenty parties objected.

## ANALYSIS

The Southern District of Texas Complex Case Procedures require a creditor to receive a notice that provides a box to check to indicate assent or opposition to proposed consensual third-party releases in a chapter 11 plan.[16] The Solicitation

---

[8] Certificate of Service of Solicitation Materials, ECF No. 1852. The solicitation agent also filed Supplemental Certificates of Service at ECF Nos. 1867, 1868, 1925, 1928, 1958, 1960, and 1988.
[9] Certificate of Service of Solicitation Materials, ECF No. 1852, at p. 3–5.
[10] Declaration Regarding the Solicitation and Tabulation of Votes, ECF No. 1993.
[11] Declaration Regarding the Solicitation and Tabulation of Votes ¶8, ECF No. 1993.
[12] Declaration Regarding the Solicitation and Tabulation of Votes ¶9, ECF No. 1993; *see also* Order Approving Disclosure Statement, ECF No. 1813, Exhibit 4-2: Publication Notice.
[13] Declaration Regarding the Solicitation and Tabulation of Votes ¶6, ECF No. 1993.
[14] *See* Exhibit A, ECF No. 2360-1.
[15] Exhibit A, ECF No. 2360-1. YesCare's description of the form of notice purportedly provided to parties was very inaccurate.
[16] Procedures for Complex Cases in the Southern District of Texas, Section O, Plan Confirmation ¶40.

Order followed the Complex Case Procedures and required parties asked for a consensual third-party release to receive a Court approved Opt-Out Release Form.[17]

Some parties YesCare seeks to enjoin were served an Opt-Out Release Form and a ballot.[18] The parties listed on **Exhibit A** to this Order did not opt out and are therefore bound by the consensual third-party releases in the Plan. The parties in **Exhibit A** are enjoined from continuing to litigate against any specifically named Released Party (i.e., defined parties in (a)-(z)).[19]

There are separate questions about whether the third-party releases cover each of the claims and claimants asserted in an underlying litigation. The Court does not have enough evidence in the record to make those determinations. For example, the third-party releases cover current and former employees of Tehum. Objector "Lyles" argued at the hearing on YesCare's motion that a certain doctor defendant was not a Released Party.[20] There was not sufficient evidence in the record to decide this issue. YesCare or any affected party may separately seek rulings on such matters in the underlying litigation or before this Court.

The parties listed on **Exhibit B** to this Order were not served an Opt-Out Release Form. A few parties were served some solicitation materials that did not include an Opt-Out Release Form. For other parties, YesCare relies on publication notice and other forms of notice unrelated to plan confirmation. YesCare argues that the publication notice was approved by the Court in the Solicitation Order and affirmed as appropriate in the Confirmation Order. Here is an example of YesCare's argument: objector "Clark-El" is currently an inmate in a Maryland correctional facility.[21] In 2022 he started a lawsuit in the U.S District Court for the District of Maryland against 13 individuals employed by Corizon Health, Inc. n/k/a YesCare.[22] Clark-El was not served with a solicitation package, including an Opt-Out Release Form. But YesCare argues that Clark-El is bound by the third-party releases because of publication notice.[23]

YesCare also argues that notices about the bankruptcy case in the underlying litigation put some parties on notice and triggered a duty for claimants to monitor the bankruptcy court docket for matters that may impact their rights. For example, objector "Fletcher" is currently an inmate in a Maryland correctional facility.[24] Fletcher sued YesCare, Tehum, and certain other defendants in a Maryland District Court.[25] YesCare claims he was put on notice about 2025 plan confirmation issues—

---

[17] Solicitation Order, ECF No. 1813.
[18] Exhibit A, ECF No. 2360-1; Certificate of Service of Solicitation Materials, ECF No. 1852.
[19] Plan, ECF No. 1815-1, at p. 14.
[20] *See* ECF No. 2222; Civil Action No. 2:19-cv-10673.
[21] ECF No. 2295.
[22] ECF No. 2295, Exhibit A.
[23] ECF No. 2360-1.
[24] ECF No. 2285.
[25] ECF No. 2285.

including releases between third parties—because Tehum filed a Suggestion of Bankruptcy in November 2023 stating that Tehum had started a bankruptcy case.[26] There is no evidence Fletcher received an Opt-Out Release Form or any other notice about the Plan or its terms.

Each of these arguments is wrong. First, there can never be constructive notice of a consensual release between third-parties under a chapter 11 plan. The Court approved publication notice was not for consensual third-party releases. The plan proponents asked the Court to approve publication notice because it would provide sufficient notice of the deadline to object to plan confirmation and the confirmation hearing date for unknown creditors.[27] There was a separate procedure approved in the Solicitation Order that required parties to receive an Opt-Out Release Form, which gave them the right to check a box and opt out of the releases. Every party asked for a third-party release had to receive an Opt-Out Release Form. These parties never received an Opt-Out Release Form, so they cannot be bound by the third-party releases. There is more. The parties YesCare seeks to enjoin are litigating against Tehum and/or YesCare Parties. Therefore, these parties are known creditors constitutionally entitled to actual notice—and not publication notice—before their litigation claims could be released under the Plan. *See, e.g., Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313–15 (1950); *In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014). These claimants had to receive actual notice—i.e., the Opt-Out Release Form. And, again, the Solicitation Order required it too.[28]

Finally, it appears there were some parties who were served an Opt-Out Release Form and a Notice of Non-Voting Status instead of a ballot. These parties are identified on **Exhibit C** to this Order. The Court will set a separate hearing for these parties to consider additional legal considerations. The Court makes no finding or ruling on these parties in this Order.

---

[26] ECF No. 2360-1.
[27] ECF No. 1741, at ¶100.
[28] YesCare relies on cases saying that "[o]nce creditors know about the bankruptcy, then they must take steps to protect their rights." *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 138 (Bankr. S.D. Tex. 1993). The quoted language is accurate, but it does not apply here. None of those cases involve enforcing consensual releases between third parties. Any party who did not receive the Court approved Opt-Out Release Form did not have an opportunity to express consent. So they could never be bound by any other unrelated notice or pleading in the Tehum case. The Court's ruling here is consistent with the U.S. Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024).

# ORDER

For the reasons stated above, the Court finds and Orders that:

1. The parties listed on **Exhibit A** to this Order were served an Opt-Out Release Form and are bound by the consensual third-party releases in the Plan. These parties are restrained and enjoined from taking any action to prosecute any causes of action for the purpose of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Released Party based on released Causes of Action (as such terms are defined in the Plan).

2. The parties listed on **Exhibit B** to this Order were not served an Opt-Out Release Form and are not bound by the consensual third-party releases in the Plan.

3. The parties listed on **Exhibit C** to this Order are subject to another hearing at a date to be determined.

4. The Court retains jurisdiction to interpret and enforce this Order.

Signed on August 7, 2025

Christopher Lopez
United States Bankruptcy Judge

## EXHIBIT A

| Claimant/Plaintiff | Case No. |
|---|---|
| Bruman Alvarez | 22-cv-02382 (USDC D. Md.) |
| Gregory Barrow | 22-cv-03322 (USDC E.D. Pa.) |
| Bahir Bell | 21-cv-03852 (USDC E.D. Pa.) |
| Austin Bouton | 22-cv-00010 (USDC E.D. Mo.) |
| Christopher Brightly | 21-cv-00127 (USDC D. Az.) |
| Jeri Byrd | 23-cv-06005 (USDC W.D. Mo.) |
| Michael Chapman | 20-cv-00007 (USDC M.D. Al.) |
| Aakash Dalal | PAS L 002979-1 (N.J. Sup. Ct.) |
| Sean Deloatch | 22-cv-01521 (USDC E.D. Pa.) |
| Gordon Dittmer | 21-cv-77 (USDC W.D. Mich.) |
| Gary Floyd | 19-cv-0341 (USDC D. Ariz.) |
| Jonathan Fly | 20-cv-03310 (USDC D. Md.) |
| Vivian Franklin | 22-cv-03395 (USDC E.D. Pa.) |
| Rachell Garwood | 19-cv-10707 (USDC E.D. Mich.) |
| Paul Harrison | 21-cv-04166 (USDC W.D. Mo.) |
| Wilber Hasty | 22-cv-04054 (USDC W.D. Mo.) |
| LaJuan Hayes | 21-cv-04228 (USDC D. Mo.) |
| Chase Helvey | 19-cv-00136 (USDC E.D. Ky.) |
| Danny Hoskins | 22-cv-00355 (USDC D. Md.) |
| Daniel Howard | 22cv02603 (24-C-22-003390) (USDC D. Md.) |
| Thomas Keeker | 49D11-1603-CT-010712 (Ind. Sup. Ct.) |

| Claimant/Plaintiff | Case No. |
|---|---|
| Janine Lino | 2020-CA-000296 (St. Lucie Cty. Circuit Ct.) |
| Mack Loyde | 20-cv-00710 (USDC M.D. Tenn.) |
| Tyrone Mahan | 22-cv-10489 (USDC E.D. Mich.) |
| Richie Majors | 16-cv-13672 (USDC E.D. Mich.) |
| Oscar Manzano-Mora | 22-cv-03011 (USDC D. Md.) |
| Kerrie Milkiewicz | 20-cv-10017 (USDC E.D. Mich.) |
| Waheed Nelson | 19-cv-00449 (USDC M.D. Fla.) |
| Stephen Nivens | 23-cv-2298 (USDC D. Md.) |
| Stephen Nolan | 23-cv-00327 (USDC D. Md.) <br> 01-CV-21-308 (Allegany Cty. Ct. Md.) |
| Machelle Pearson | 19-cv-10707 USDC (E.D. Mich.) |
| Darren Pederson | 18-cv-00513 (USDC D. Az.) |
| Ronald Perkins | 22-cv-04149 (USDC W.D. Mo.) |
| Tremonti Perry | 17-cv-00115 (USDC E.D. Mo.) |
| Wayne Resper | C-01-CV-21-000274 <br> (Md. Circ. Ct. Allegany Cty.) |
| Jason Robinson | 21cv00608 (USDC D. Az.) |
| John Satterfield | D-121-cv-22-007860 Dist. Ct. <br> (Allegany Co., Md.) |
| Bradley Schwartz | 2021-092282 (Maricopa Cty. Sup. Ct.) |
| Rickey Scott | 21-002889 <br> 2:22-cv-10306 <br> Circ. Ct., Jackson Cty. |
| Maria Sheldon | 19-cv-10707 (USDC E.D. Mich.) |
| Rebecca Smith | 19-cv-10707 (USDC E.D. Mich.) |
| Curtis Stewart | 18-cv-00229 (USDC E.D. Mo.) |

2

| Claimant/Plaintiff | Case No. |
|---|---|
| Mark Stewart | 20-cv-01376 (USDC D. Az.) |
| Kevin Strickland | 22-cv-06009 (USDC W.D. Mo.) |
| Brandon Swallow | 18-cv-01045 (USDC E.D. Mo.) |
| Derico Thompson | 20-cv-158 (USDC W.D. Mich.) |
| David Toliver | 22-cv-00039 (USDC M.D. Fla.) |
| Marcus Walker | 21-cv-12874 (USDC E.D. Mich.) |
| Nafiz Watkins | 20-cv-00208 (USDC D. Md.) |
| Neal Willey | 22-cv-01294 (USDC D. Md.) |
| Jim Williams | 21-cv-12534 (USDC E.D. Mich.) |
| Gary Winters | 19-cv-00053 (USDC N.D. Fla.) |

3

# EXHIBIT B

| Claimant/Plaintiff | Case No. |
| --- | --- |
| Pedro Amaro | 20-cv-01308 (USDC D. N.M.) |
| Michael Anderson | 21-cv-03226 (USDC W.D. Mo.) |
| DeAndre Ballard | 24-cv-02763 (USDC D. Md.) |
| Lisa Brown | 23-cv-12679 (USDC E.D. Mich.) |
| Jeffrey Bryant | 22-cv-12238 (USDC E.D. Mich.) |
| Christi Buoncristiano | 23-cv-02588 (USDC E.D. Pa.) |
| James Calhoun-El | 24-cv-01491 (USDC D. Md.) |
| David Carlton | 24-cv-00514 (USDC D. Md.) |
| Hammel Clark | 22-cv-02231 (USDC D. Md.) |
| Edward Conaway | 25-cv-00193 (USDC D. Md.) |
| Hassan Davis | 24-cv-03606 (USDC D. Md.) |
| Jesse Dean | 23-cv-00408 (USDC W.D. Mich.) |
| Andrew Dicks | 23-cv-2464 (USDC D. Md.) |
| Brandon Eisenbach | 23-cv-00462 (USDC E.D. Mo.) |
| Michael Estelle | 24-cv-530 (USDC W.D. Mich.) |
| Jamonte Fletcher | 23-cv-01570 (USDC D. Md.) |
| Jerry Fuller | 24-cv-2925 (USDC E.D. Pa.) |
| Abraham Garcia-Ramos | 24-cv-00522 (USDC D. Md.) |
| Chelsea Gilliam | 23-cv-01047 (USDC D. Md.) |
| Chloe Grey | 23-cv-01047 (USDC D. Md.) |
| Kevin Harrison | 23-cv-00047 (USDC E.D. Mo.) |

| Claimant/Plaintiff | Case No. |
|---|---|
| Gregory Holden | 24-cv-00105 (USDC D. Md.) |
| Kennedy Holland | 23-cv-01047 (USDC D. Md.) |
| Stephen Howe | 24-cv-00653 (USDC D. Md.) |
| Marvin Johnson | 24-cv-10815 (USDC E.D. Mich.) |
| Timothy Libertus | 22-cv-01226 (USDC E.D. Mo.) |
| Trent Mason | 24-cv-00459 (USDC E.D. Pa.) |
| Renard McClain | 24-cv-01489 (USDC D. Md.) |
| Amanda Mitchell | 21-CA-001895 (2d Jud. Circ., Leon Cty.) |
| Larry Parks | 19-cv-00631 (USDC M.D. Fla.) |
| Jesus Patino | 23-cv-04827 (USDC E.D. Pa.) |
| Kevin Pich | 23-09-01145 (Phil. Cty. Ct. Common Pleas) |
| Sean Rogers | 24-cv-00214 (USDC D. Wy.) |
| Sean Ryan | 24-cv-11105 (USDC E.D. Mich.) |
| Todd Thomas | 23-cv-01355 (USDC M.D. Fla.) |
| Henry Walker | 22-cv-01761 (USDC M.D. Fla.) |
| Thurman Watson | 23-cv-03520 (USDC D. Md.) |
| Shelton Wood | 23-cv-01705 (USDC D. Md.) |

# EXHIBIT C[1]

| Claimant/Plaintiff | Case No. |
|---|---|
| Rilwan Akinola | 22-cv-00657 (USDC D. Md.) <br> D-121-cv-22-007131 (D.C. Md. Alleghany Cty.) |
| Benjamin Beach | 22-cv-12105 (USDC E.D. Mich.) |
| Randy Clay | 17-cv-00646 (USDC D. N.J.) |
| Andre Dennison | 22-cv-15106 (9th Cir. Ct. of Appeals) |
| Deon Glenn | 22-cv-10883 (USDC E.D. Mich.) |
| Dustin Hefley | 21-cv-00041 (USDC E.D. Mo.) |
| Dante Jeter | 21-cv-02828 (USDC D. Md.) |
| Maurice Jones | 22-cv-03079 (USDC W.D. Mo.) |
| Keith Kelly | 23-cv-2432 (USDC D. Md.) |
| Andrew Lyles | 19-cv-10673 (USDC E.D. Mich.) |
| Eilenn McNamara | 20-cv-04570 (USDC E.D. Pa.) |
| Todd Nachtweith | 21-cv-00371 (USDC E.D. Mo.) |
| Macking Nettles | 22-cv-00119 (USDC W.D. Mich.) |
| Michael Perkins | 21-cv-12720 (USDC E.D. Mich.) |
| Alfred Vela | 16-cv-51 (USDC N.D. Ind.) |
| Daniel Wichterman | 16-cv-05796 (USDC E.D. Pa.) |
| Andrew Wolf | 21-cv-00226 (USDC D. Idaho) |
| Ardra Young | 21-cv-12170 (USDC E.D. Mich.) |

---

[1] The parties listed here are all found on Exhibit H to the Solicitation Certificate of Service. The Solicitation Certificate of Service states that all parties listed on Exhibit H received a Notice of Non-Voting Status instead of a ballot. ECF No. 1852, at p. 4. These parties are not otherwise listed on the Solicitation Certificate of Service as having received a ballot.