**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARCUS L. WALKER,

      Plaintiff,                             Civil No. 21-12874

v.                                         Hon. Denise Page Hood

DR. MARY GREINER, et al.,

      Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (# 123) AND CLOSING ACTION

This matter is before the Court on the Magistrate Judge's Report and Recommendation filed September 15, 2025.  (ECF No. 123)  Plaintiff Marcus L. Walker filed Objections to Report and Recommendation.   (ECF No. 126) Defendants filed a Response to the Objections.  (ECF No. 127)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636.  This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made."  28 U.S.C. § 636(B)(1)(c).  The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.  To preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and

Recommendation within fourteen (14) days of service of the Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Restating previous arguments and filing an "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard,* 932 F.2d at 509.

The Magistrate Judge recommended that the claims against Defendant Corizon Healthcare, Inc. and the Defendants employed and related to Corizon (Dr. Mary Greiner, Rosilyn Jean Jindal, Kaelynn Pfeil, Vivien Dorsey, Dr. Rickey Coleman, Dr. Keith Papendick, Dr. Jeffrey Bomber, Connie Whipple (and Connie McCool who is one and the same person as Connie Whipple) should be dismissed pursuant to the bankruptcy action, *In re Tehum Care Services, Inc.,* Case No. 23-90086 (Bankr. S.D. Tex.).  (R&R, ECF No. 123, PageID.1008-.1012) In that bankruptcy action, Corizon's debts have been discharged and that certain parties related/employed by Corizon have been released pursuant to the Confirmation Order. *In re Tehum*, Case No. 23-90086, ECF No. 2014.  The Plan of Reorganization provides that any personal injury/wrongful death or any unsecured claimants, must

2

file any claims pursuant to the Plan.  *Id.*, ECF No. 1739.

Plaintiff filed two objections to the Report and Recommendation claiming that he was given erroneous information by Defendants because he was not served with any "opt-out" forms during the bankruptcy and that he should be given leniency in any failure to file documents in the bankruptcy action.  Plaintiff claims he should be allowed to pursue his claims in this lawsuit because he is not bound by the Plan and is not enjoined from pursuing his claims against the Corizon employees.

Defendants respond that the issue of whether Plaintiff was served with an Opt-Out Release Form was resolved against him in the bankruptcy proceeding and that the Magistrate Judge did not err in relying on the bankruptcy court's findings.  The bankruptcy court found that Plaintiff (and others) did not timely elect to "opt-out" of the bankruptcy settlement and was enjoined from continuing to prosecute his claims against any released party.  *See, In re Tehum*, Case No. 23-90086, ECF No. 2374.

After review of the Report and Recommendation, the Court finds that the Magistrate Judge's conclusions are correct.  The Court agrees with the Magistrate Judge that Plaintiff is bound by the Confirmation Plan and Orders entered in the bankruptcy action.  The issue of whether he timely elected to "opt-out" of the bankruptcy settlement is not properly before this Court.  It appears that the

bankruptcy court found that Plaintiff is enjoined from further pursuing his claims against any of the released parties identified in the bankruptcy action.  Plaintiffs' two objections are OVERRULED.  The Court agrees with the Magistrate Judge's recommendation that the Corizon Defendants be dismissed without prejudice. Plaintiff may pursue any claim, if any remain, pursuant to the Plan of Confirmation in the bankruptcy action.

Accordingly,

IT IS ORDERED that Magistrate Judge Patricia T. Morris' Report and Recommendation[1] **(ECF No. 123)** is  **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law.  The Objections  **(ECF No.126)** are **OVERRULED**.

IT IS FURTHER ORDERED that Defendants Dr. Mary Greiner, Rosilyn Jean Jindal, Kaelynn Pfeil, Vivien Dorsey, Dr. Rickey Coleman, Dr. Keith Papendick, Dr. Jeffrey Bomber, Connie Whipple, Connie McCool and Corizon Healthcare, Inc. are **DISMISSED** without prejudice.

IT IS FURTHER ORDERED that this action is designated as **CLOSED** on the docket.

---

[1] The Report and Recommendation indicated the stay as to Defendant Mary Velarde would then be lifted.  Defendant Velarde has since been dismissed from this action pursuant to a Stipulation and Order of Dismissal filed January 12, 2026.  *See* ECF No. 130.

4

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 31, 2026